## Batdorff *versus* Focht & Brother.

*Judicial Order for temporary stay of Execution, effect of on Lien.—*
*Stipulation for preserving Lien unnecessary.*

A *testatum fi. fa.* from one county, docketed in the Common Pleas of another, and a lien on defendant's goods, does not lose its priority over subsequent executions by reason of a judicial order staying it until a rule taken on part of the defendants should be disposed of, though there was no stipulation in the order staying the *testatum,* that its lien should remain.

APPEAL from the Common Pleas of *Schuylkill county.*

This was an appeal by Zacharias Batdorff, from the decree of the court distributing the proceeds of the sheriff's sale of the personal property of C. A. & Augustus M. Seltzer. The material facts of the case were these:—

On the 22d day of June 1861, a *testatum execution* issued out of the Common Pleas of Philadelphia, at the suit of D. Focht & Brother *v.* C. A. & Augustus M. Seltzer; and on the same day was placed in the hands of the sheriff of Schuylkill county. On the 24th day of the same month the sheriff made a levy on the personal property of the defendants. This execution was returnable on the 1st Monday of July, A. D. 1861, for $364.43.

On the 5th of July 1861, a rule was obtained by the defendants, in the court having the control of the execution at Philadelphia, to show cause why the said execution should not be stayed according to the Act of the 21st May 1861, proceedings to stay in the meantime, returnable on Saturday, the 6th July 1861; on which day the court made the following record, to wit:—

" July 6th 1861, the case having been continued at the motion of the plaintiffs, it is ordered by the court that the *testatum fieri facias* issued in the case be stayed until the rule be disposed of."

October 26th 1861, the rule was discharged. Notice of these proceedings was duly served on the sheriff of Schuylkill county, and he did not sell the said personal property on this execution.

On the 2d day of September 1861, three executions were issued out of the Court of Common Pleas of Schuylkill county,

and were placed in the hands of the sheriff, with directions to make the money thereon. They were levied upon the same personal property of C. A. & Augustus M. Seltzer. On the 28th of September 1861, the sheriff made return that he had sold the said property for the sum of $5731.20; not enough to discharge and pay the executions issued by Batdorff.

The amount of the said *estatum execution* being claimed by both parties, it was paid into the Common Pleas of Schuylkill county, and upon a rule to show cause why the money in court should not be paid to the said D. Focht & Brother, the said court, on the 8th day of March 1862, adjudged the money to D. Focht & Brother, on their execution; from which judgment Zacharias Batdorff entered this appeal.

*John Bannan* for appellants.

The counsel for the appellee presented no printed argument.

The opinion of the court was delivered, February 2d 1863, by WOODWARD, J.—The plaintiff acquired a lien upon the defendants' goods by docketing his *testatum fieri facias* in the Common Pleas of Schuylkill county, and the question is, whether it lost its priority over subsequent executions by reason of the judicial order of 6th July 1861, staying the *testatum* until the rule to show cause, obtained the day before, should be disposed of. We think it did not. It is a general principle that interlocutory orders shall not impair vested liens. It is usual to accompany such orders with a stipulation that the lien of the writ which is the subject of the order shall remain until the motion has been disposed of in final hearing; and this is a prudent and proper practice. But where, as in this case, it is omitted, the lien must nevertheless be regarded as preserved, for it is one of the vested legal rights of the plaintiff, and can no more be sacrificed by an edict of the court, without a hearing, than any of his other civil rights, whether of liberty or property.

Counsel argue that a friendly creditor might cloak a debtor's property, and keep other creditors at bay by taking the first execution, and then assenting to rules and dilatory motions in respect to it, as indeed the plaintiff in this instance is alleged to have done. But the argument is obliged to assume the willingness of the court to permit itself to be used for such a fraudulent purpose—an assumption which is inadmissible. All well-regulated courts clear off their argument list frequently, and do not permit dilatory rules and motions to encumber their records indefinitely. They require a good reason for continuing that which ought to be disposed of speedily. The order in this case stood from July to September, when the goods were sold—a

[Batdorff *v.* Focht & Brother.]

delay that was not unreasonable, considering that it was the annual season of inaction in city courts. Indeed, unreasonable delay in such matters is impossible under the rules of practice that prevail in the District Court.

The decree of distribution is affirmed.