## Demy & Detra, for use of Moyer, v. Herr and Demy & Detra.

*Practice—Rule to open judgment—Execution—Stay of proceedings—Petition to strike off execution—Control of proceedings by the court.*

1. A rule to open judgment does not of itself operate to stay an execution.

2. Where execution is issued after the court has granted a rule to show cause why the judgment should not be opened, the court may control the proceedings by a subsequent order staying the execution until after disposition of the rule to show cause.

Petition to strike off execution. C. P. Dauphin Co., Sept. T., 1919, No. 207.

*Maurice R. Metzger,* for petitioner; *Fox & Geyer* and *G. H. Moyer,* contra.

HARGEST, P. J., April 28, 1922.—This case arises upon a petition to strike off execution.

On July 9, 1919, a judgment was entered to the above number and term by Demy & Detra against John S. Herr, in a single bill, in the amount of $558, and on Aug. 8, 1919, this judgment was assigned by Demy & Detra to F. R. Moyer. On Feb. 28, 1920, John S. Herr, the defendant, presented his petition and obtained a rule thereon to show cause why the judgment should not be opened and the defendant let into a defence, to which rule the plaintiff filed an answer Jan. 25, 1921. On April 7, 1921, a writ of *fieri facias* was issued, entered to No. 12, March Term, 1921, and on April 8, 1921, the sheriff levied upon the personal property of John S. Herr. On April 11, 1921, defendant presented his petition to strike off this execution, and obtained a rule thereon containing the provision that the lien, "if any has been acquired, to remain and further proceedings on the execution to be stayed until the further order of the court." To this latter petition the defendant demurs, on the ground that when the rule to open judgment was granted, no order was prayed for,

Demy & Detra, for use ofMoyer, v. Herr and Demy & Detra.

or subsequently made, staying any proceedings for the collection of the said judgment.

This raises the question as to whether, when the court has its grasp upon a judgment, under a rule to show cause why it should not be opened and for the purpose of determining the validity of the judgment, an execution can be issued by the plaintiff without the allowance of the court.

It is argued, on the one hand, that there was no order staying execution, and without such an order the plaintiff's right to execution was not interfered with, and, on the other hand, that there was no execution at that time issued or threatened, and there was no occasion for a stay. It would seem to be the better practice that when the validity of a judgment is attacked and the question of the right to have a judgment is *in gremio legis*, permission should first be obtained before execution is issued thereon.

In Spang v. Com., 12 Pa. 358, there was a rule to open judgment after an execution had issued, but no stay of the execution was obtained, and it was held that the execution was not stayed. The syllabus, however, is in general language that "a rule to show cause why a judgment should not be opened does not stay proceedings without an order to that effect."

This language of the syllabus in that case seems to have been adopted by the later decisions and text-books, regardless as to whether the rule to show cause why the judgment should not be opened was obtained before or after execution: Patton's Pa. Common Pleas Prac., 334; 2 Troubat & Haly Prac., 1489; Zimmerman v. Muffly, 1 W. N. C. 157.

In Van Vliet v. Conrad, 95 Pa. 494, the Supreme Court, referring to the case of Spang v. Com., said: "In this case, however, nothing was determined but that a rule to show cause why judgment should not be opened does not operate to stay proceedings unaccompanied by an order to that effect, but it does not rule that the court could not, under that motion, have proceeded to open the judgment."

It, therefore, appears that the Supreme Court has itself construed the case of Spang v. Com. to hold that a rule to show cause why judgment should not be opened does not stay an execution, whether the execution be issued before or after the rule is obtained, unless there is also an order staying proceedings.

In Adams v. James L. Leeds Co., 189 Pa. 544, it is held that: "The opening of a judgment which is a lien on real estate does not destroy or impair the lien, nor does it necessarily affect the lien of a levy made upon personalty under an execution issued on the judgment. The liens in either case may and should be continued pending the determination of the issues relating to the validity of the judgment and to the nature and amount of the indebtedness represented by it:" Batdorff v. Focht, 44 Pa. 195.

It follows that the plaintiff was not legally prevented from obtaining a lien on personal property because of the proceedings to show cause why the judgment should not be opened.

The petition to strike off the execution must, therefore, be dismissed, but we will not permit the execution to be proceeded with until the proceedings to open the judgment have been determined.

### Order.

And now, April 28, 1922, the petition to strike off the execution issued upon the judgment in the above stated case is dismissed, at the cost of the petitioner, but further proceedings on said execution are hereby stayed until the further order of the court, to be made after the disposition of the rule to show cause why the judgment should not be opened.

From William Jenkins Wilcox, Harrisburg, Pa.