# Baker's Appeal.

Under the act of June 13, 1836, a garnishee is bound to make full, direct, and true answers to plaintiff's interrogatories.

If, upon the answers of the garnishee admitting assets, judgment is entered against defendant, the garnishee cannot defeat such judgment by setting up a title to the property in himself by virtue of a previous assignment from the defendant for value.

(Decided April 5, 1886.)

Appeal from a decree of the Orphans' Court of Philadelphia County. Affirmed.

NOTE.—So, the judgment against the garnishee is binding on the defendant in the execution, and he cannot subsequently claim from the garnishee. Dayton v. Wagner, 2 Legal Record Rep. 162.

The following is the history of the case as given on behalf of the appellees:

Ellwood P. Wright and William C. Hutchinson issued attachment executions on judgments aggregating $2,164.71 attaching in the hands of Charles C. Baker, George W. Baker, and Caroline C. Haman, executors of the last will and testament of George Baker, deceased, the legacies, moneys, etc., belonging to George W. Baker and Abram Baker in said estate.

The usual interrogatories were filed, and the executors, through the mouth of Charles C. Baker, filed their answers, which admitted that all of the decedent's debts had been paid; that they held 38½ acres of land in Bridesburg, Philadelphia, 10 acres of which they had sold for $13,000; and that George W. Baker and Abram Baker were each entitled to one eighth of the remaining 28½ acres of land. The will of George Baker created an equitable conversion of the land.

Ellwood P. Wright and William C. Hutchinson obtained judgments on October 4 and December 20, 1884, in the courts of common pleas of Philadelphia, Nos. 2 and 4, upon the answers of the garnishees in the form as designated in the following, which shows the form in which the other judgments were entered:

"Judgment for plaintiff, Ellwood P. Wright against Charles C. Baker, George W. Baker, and Caroline Haman, garnishees, for $1,476.52, to be levied of the interest of Abram Baker in the estate of George Baker, deceased."

On July 3, 1885, the final account of the executors was adjudicated before Judge William B. Hanna. The appellees offered in evidence all of the papers in their several cases, among which were their interrogatories and the answers of the garnishees, and claimed the legacies under the will of George Baker, deceased, to George W. and Abram Baker, by virtue of said attachments and the judgments entered thereon.

Charles C. Baker, one of the executors and garnishees and the man who made affidavit to the answers hereinbefore mentioned, offered in evidence two assignments, consideration $1,604.70 and $1, dated October 29 and November 13, 1883, given by George W. and Abram Baker, respectively, assigning their legacies to him, and claimed the same by virtue of said assignments.

The appellees objected to the admission of said assignments

in evidence and claimed that the said legacies should be awarded to them. The auditing judge, however, awarded the same to Charles C. Baker by virtue of the said assignments. The appellees filed exceptions to this adjudication, which said exceptions were argued before the orphans' court of Philadelphia, and after argument the court sustained the exceptions and awarded the said legacies to the appellees, delivering the following opinion, ASHMAN, J.:

Under the act of June 13, 1836 (Purdon's Digest, 719), a garnishee is bound to make full, direct, and true answers to the plaintiff's interrogatories. The answers are the exclusive foundation of the judgment; and the judgment itself has the force of a verdict. Hence, when it is in favor of the plaintiff, a trial by jury will not be awarded. Bradley v. Bradley, 3 Phila. 414.

Hence, also, where the defendant or the garnishee pleads *nulla bona,* neither will be permitted at the trial to claim that the property attached is exempt by law. Bancord v. Parker, 65 Pa. 336; Landis v. Lyon, 71 Pa. 473; Bittenger's Appeal, 76 Pa. 105.

The rule is one of common honesty. The plaintiff shall not be put to the expense of further proceedings when a full disclosure, by the garnishee, of the facts in his possession would have shown such proceedings to be fruitless. A clearer case than the present for the application of the rule could not exist. The garnishees declared in their answers that the defendant was entitled to one eighth of the residue of the estate which they held as executors of the testator's will. Yet the garnishee who made oath to these answers held at their date a formal assignment to himself of the share of the defendant.

It is difficult to see how that answer can be true, or how it can, at least, be full, which asserts that a party is entitled to property which he has already conveyed to another. That it was neither a full nor true answer is shown by the attitude which the garnishee was forced to take at the audit. He claimed there as owner, from a time prior to his answer, of the share which in his answer he declared belonged to the defendant.

If the defendant was owner then, the garnishee cannot be the owner now. But he is confronted with another difficulty. Upon his answers to the interrogatories, judgment was entered in the common pleas in favor of the plaintiffs. Such a judgment is

only given upon an admission of assets. Allegheny Sav. Bank v. Meyer, 59 Pa. 361; Lorenz v. King, 38 Pa. 93.

The garnishee, therefore, cannot set up in this court against that judgment an assignment prior to its date, because the judgment was against assets in his hands which it found to belong at that time to the defendant. The effect of the judgment was to negative all idea of a prior assignment; and the garnishee, as a party to the judgment, was bound by it.

Thereupon Baker appealed.

*Lewis Stover* for appellant.

*Henry M. DuBois* and *B. F. Gilkeson* for appellees.

PER CURIAM:

It was the duty of the garnishee to make full, direct, and true answers to the interrogatories put him. The attempt of the appellant is to now prove a state of facts clearly in conflict with the answers he had made under oath, to the interrogatories. The second, fifth, and seventh were amply sufficient to require him to disclose the purchase which he now sets up. Having failed to do so and averred the contrary, he is estopped by those answers.

Decree affirmed, and appeal dismissed at the costs of the appellant.