## Miller *v.* Baker, Appellant.

*Judgment—Opening judgment—Attachment execution—Adverse judgment—Expiration of term.*

A judgment entered against a garnishee upon answers to interrogatories in an attachment execution is an adverse judgment within the rule that an adverse judgment cannot be opened or vacated after the expiration of the term at which it was entered.

Argued May 1, 1916.    Appeal, No. 127, April T., 1916, by defendants, from order of C. P. Cambria Co., March T., 1915, No. 534, discharging rule to open judgment in case of Miller & Costlow v. S. E. Baker and the Globe & Rutgers Fire Insurance Co. of New York.    Before OR-LADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Rule to open judgment.
The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule to open judgment.

*Percy Allen Rose,* of *Forest & Percy Allen Rose,* with him *William A. Jordan,* for appellant.—The judgment in this case being one entered in the nature of a confession by the garnishee, the court was clothed with absolute authority to open it despite the fact that the term at which it had been entered had ended, under the rule that in judgments by confession or default, there is no limitation of time for exercising such power: King, et al., v. Brooks, et al., 72 Pa. 363; Pennsylvania Stave Co.'s App., 225 Pa. 178.

*Alvin Sherbine,* with him *Henry W. Storey, Jr.,* for appellee.—When a judgment is entered in an adverse proceeding, an application to open or vacate, must be

made before the end of the term at which the judgment was entered: King v. Brooks, 72 Pa. 363; McCready v. Gans, 242 Pa. 364.

The appellee contends that a judgment entered upon a rule and the answer to interrogatories in an attachment execution is a judgment entered in an adverse proceeding: Baker's Est., 17 Philadelphia 510; First Nat. Bank of New Bethlehem, to use, v. Maikranz, 44 Pa. Superior Ct. 225.

OPINION BY WILLIAMS, J., July 18, 1916:

The defendant Baker had a policy in the Globe and Rutgers' Insurance Company of New York. A fire occurred and the company admitted its liability. The plaintiffs, who had a judgment against Baker, attached the amount due him in the hands of the company. Upon interrogatories, the defendant company admitted its liability to Baker in the sum of five hundred dollars, whereupon judgment was entered for the plaintiffs, March 5, 1915, upon the answers to the interrogatories. The company on July 19, 1915, presented its petition for an opening of the judgment upon the ground that it had made an error in its answers; that it did not owe anything to Baker because he had, prior to the issuance of the attachment, assigned his interest to another person, and that it had received notice of this assignment before the attachment had been served but, through the neglect of one of its employees, this notice had been mislaid.

The term at which the judgment was entered having expired there was no power in the court to open. Where a judgment is entered in an adverse proceeding, an application to open or vacate must be made before the end of the term: King v. Brooks, 72 Pa. 363, approved in Mc-Cready v. Gans, 242 Pa. 364; Dean v. Munhall, 11 Pa. Superior Ct. 69.

Is a judgment entered upon answers to interrogatories in an attachment execution an adverse proceeding? The question is neither a new one nor an open one. Such

a judgment is only given upon an admission of assets: Allegheny Savings Bank v. Merger, 59 Pa. 361. It is founded upon a writ issued by a court of competent jurisdiction and is the result of the determination of a concrete fact, indeed the only fact in issue, i. e.: has the garnishee possession of anything belonging to the defendant.

Under the Act of 1836 "a garnishee is bound to make full, direct, and true answers to the plaintiff's interrogatories. The answers are the exclusive foundation for the judgment; and the judgment itself has the force of a verdict," says Judge ASHMAN in Baker's Est., 17 Philadelphia 510, affirmed by the Supreme Court in 2 Sadler 162.

The learned court below properly decided the question of the equities between the parties against the appellants. There is no error in the record.

Appeal dismissed.