## Syracuse Pit Hole Oil Company *versus* Carothers.

1. A verdict was rendered October 23d 1867, and a rule for a new trial granted March 28th 1858. *Held* to be error, no such motion could be made and granted so long after verdict.

2. The motion would have been too late under any circumstances whilst the judgment stood in full force.

3. The order granting the new trial was reversed in this case.

November 22d 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Venango county :* No. 138, to October and November Term 1868.

On the 25th of June 1866, the Syracuse Pit Hole Oil Company issued a writ of replevin against J. A. Carothers and Charles Moore, for an engine and a number of other chattels. The sheriff returned, "Replevied as within commanded, and property left in possession of defendants, they having filed property bond; also summoned defendants by reading this writ to them."

The defendants pleaded "*non cepit* and property." On the 18th of October 1867, the jury found for the plaintiff $1493.85. On the 23d judgment was entered on the verdict. On the 26th a fi. fa. was issued which was returned "Nulla Bona." November 30th a testatum fi. fa. was issued to Allegheny county. On the 21st of March 1868, the affidavit of the defendant, Carothers, was filed, and a rule to show cause why there should not be a new trial was granted. On the 3d of July 1868, the rule was argued before Trunkey, P. J., and McCormick, A. J. Same day Judge Trunkey filed an opinion for discharging the rule ; Judge McCormick not concurring. This paper was afterwards filed :—

"And now, September 5th 1868, rule made absolute.
　　　　　　　　　　　　R.}S. McCORMICK,
　　　　　　　　　　　　JAMES L. CONNELLY."

McCormick and Connelly were associate judges. The minutes of the Court of Common Pleas show that on September 5th 1868 Judges Trunkey and McCormick only sat.

The plaintiffs took a writ of error, and assigned the following errors :—

"1. Associate judge, James L. Connelly, was not present on the day the rule was marked made absolute, by the associates.

"2. The associate judges erred in making absolute the rule to show cause why a new trial should not be granted.

"3. The court erred in making absolute the rule to show cause why a new trial should not be granted."

On the hearing in the Supreme Court, *J. K. Kerr*, Esq., for defendant in error, moved to quash the writ of error.

[Syracuse Pit Hole Oil Co. *v.* Carothers.]

*A. Blakely*, for plaintiff in error.—The court being divided when the argument was heard and the opinion of the president judge delivered, the rule was necessarily discharged : Lanning *v.* Brown, 4 W. C. C. R. 332. The dissenting associate could not hold the decision. The motion for a new trial was too late : Burrell *v.* Du Bois, 2 Dallas 229 ; Lane *v.* Shreiner, 1 Binney 292. An order which may injure a party is the subject of a writ of error : Adams *v.* Rush, 5 Watts 289. The grant of a new trial did not vacate the judgment nor set aside the verdict, and the plaintiffs cannot therefore go on to trial nor can they issue execution because a new trial has been granted : Huston *v.* Mitchell, 14 S. & R. 307.

*J. K. Kerr*, for defendant in error.

The opinion was delivered November 26th 1869.

PER CURIAM.—It is seldom we have seen anything so disorderly and erroneous as the proceedings in this case are shown by the record to be. Four months after verdict and judgment thereon, a rule to show cause why a new trial should not be granted was entertained by the associate judges. Two *months* thereafter this motion was argued before the president and one associate. The motion fell by a divided court. Afterwards, however, by paper filed, the associates granted a new trial. One of the judges, it would appear, never heard the argument. Be that as it may, no such motion could be made or granted so long after trial and verdict. Nor could it be done, with a judgment standing in full force, under any conceivable circumstances. It was a step in the wrong direction for associates to interfere in a matter of this kind, and it is to be hoped that the example will not be followed. If such a proceeding could be tolerated litigation would but begin where it ought to end, with the judgment. The order granting a new trial is reversed and set aside, and the motion to quash this writ of error is overruled. Let this entry be made and the record remitted, to be proceeded in according to law.