# Van Vliet *versus* Conrad.

1. Where a motion for the reargument of a rule for a new trial is made on the same day on which the rule is discharged it continues the rule, and judgment cannot be entered on the verdict.

2. On the 8th of July 1879, a president judge discharged a rule for a new trial. On the same day a motion for a reargument of the rule was filed. On the next day judgment was entered on the verdict. On November 19th 1879, the reargument was had before the associate judges, in the absence of the president judge, and a new trial granted on certain conditions as to costs and security which were complied with. On March 19th 1880, the president judge of another district, holding a special court, vacated the order for a new trial and directed the plaintiff to collect his judgment : *Held,* that this was error ; that the order discharging the first rule and the motion for the rehearing of that rule were legally contemporaneous, and the effect was to postpone the final consideration of the rule for a new trial and annul the order then made, and the new trial having been subsequently granted by a court having full power to do so, and the defendant having complied with the conditions imposed upon him he could not be deprived of a right thus lawfully acquired by an attempt of the court to reverse its own order.

October 19th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Jefferson county :* Of October and November Term 1880, No. 83.

Assumpsit by John Conrad against George Van Vliet.

On May 24th 1879, a verdict was rendered for the plaintiff. On the same day a motion for a new trial was filed, and a rule granted, which, on the 8th of July 1879, the court, Jenks, P. J., discharged. On the same day, by permission of the court, a motion for a re-argument of the rule for a new trial was filed. On

[Van Vliet *v.* Conrad.]

July 9th 1879, the plaintiff paid the jury fee and entered judgment on the verdict. On November 8th, the court, Jenks, P. J., on the application of the defendant, referred the motion for a new trial to the associate judges of the court. On November 17th 1879, in the absence of the president judge, the associate judges made absolute the rule for a new trial, the defendant to pay the costs and enter security for the amount of the judgment. The costs were duly paid, and the security entered and approved. On December 8th 1879, the defendant moved to strike off the order made by the associate judges making absolute the rule for a new trial. On March 20th 1880, McDermitt, P. J., of the Thirty-fifth Judicial District, holding a special court, vacated said order and directed the plaintiff to collect the amount of his judgment. The defendant took this writ and alleged, inter alia, that the court erred in this action.

*White & Scott* and *Gordon & Corbett,* for plaintiff in error.—The motion for a new trial was made and filed on the same day the verdict was rendered, and, therefore, was in time. The motion for a reargument was made and filed on the same day the court refused the new trial, but before a judgment was entered on the verdict. The motion for a reargument would suspend the order refusing the new trial, and the court must have so considered it, for on the 8th of November, when the motion was made by the defendant to set aside the execution issued by the plaintiff, the court (the president, Judge Jenks, drawing and making the order,) granted a rule to show cause, and at the same time directed that the matter of staying the writ, the motion for a new trial and the giving a bond, be referred to the associates.

The court adjourned to meet on the 17th of November, and on that day convened, with the associates on the bench, who, among other things, considered the matters referred to them by the court, by its president judge at its previous sitting, and after a careful consideration, stayed the writ and granted a new trial, requiring the defendant to give a bond, &c., and we are now told that the court, in open court thus convened and thus constituted, had no power to act in the matter referred to them. We contend this was error.

*Jenks & Clark* and *Stewart & Marlin,* for defendant in error.—The mere filing of a motion for reargument, without any rule to show cause, or any order of the court, would not suspend the order disposing of the case, or hinder entering judgment on the verdict: Spang *v.* Commonwealth, 2 Jones 358. Therefore, as soon as the jury fee was paid and judgment entered on the verdict, it was legally standing in full force, and with a judgment standing in full force a new trial cannot be granted under

[Van Vliet *v.* Conrad.]

any conceivable circumstances : Syracuse Pithole Oil Co. *v.* Carothers, 13 P. F. Smith 379 ;' Lane *v.* Shreiner, 1 Binn. 291 ; Lessee of Fehl *v.* Good, 2 Id. 495, also 3 Id. 313.    The associate judges have no power to reverse the decision of the president judge : Syracuse Pithole Oil Co. *v.* Carothers, *supra ;* Kelb's Case, 4 Watts 154 ; Glamorgan Iron Co. *v.* Snyder, 3 Norris 397.

Mr. Justice GORDON delivered the opinion of the court, November 8th 1880.

The action of the court below, on the 17th of November 1879, granting a new trial, was not only regular, but final and conclusive. This action was founded on the rule taken May 24th 1879, the day of the rendition of the verdict, which was continued by the motion for rehearing filed July 8th.    As the conditions on which the new trial was granted were fully complied with, the judgment, improperly entered on the 9th of July, should have been stricken off and the parties allowed to proceed to a retrial of the case.    Instead of this, we find the court, on the 11th of December, being then presided over by a · judge from a neighboring district, entertaining a rule to inquire into the regularity of the former proceedings, and the power of the associates to grant a new trial, which rule was, by the same judge, disposed of on the 19th of March 1880, by a vacation of the order for new trial.    In support of this action, it is urged that the court had no power to entertain the rule for reargument after discharging the motion for a new trial, and in support of this view of the case, Spang *v.* The Commonwealth, 2 Jones 358, is cited.    In this case, however, nothing was determined but that a rule to show cause why judgment should not be opened, does not operate to stay proceedings unaccompanied by an order to that effect, but it does not rule that the court could not, under that motion, have proceeded to open the judgment.

In the case in hand, the question is, did the motion for reargument continue the consideration of the previous rule for a new trial ?    We think it did.

On the same day the order was made by the court discharging the first rule it entertained, or, what is the same thing, permitted to be filed a motion for the rehearing of that rule.    Now, as both these acts occurred on the same day, and hence were legally cotemporaneous, the effect was to postpone the final consideration of the rule for a new trial to some future time and to annul the order then made.    It follows that power was not wanting in the court to consider and dispose of as it did on the 17th of November, the rule thus pending.    What then is wanting to the regularity of that action ?

It is said the associates had no power to overrule the previous act of the president judge ; but they did nothing of the kind ; they only acted, as they had full power to do, upon a pending rule

[Van Vliet *v.* Conrad.]

granted by the president judge himself; a rule, moreover, which he, in express terms, had referred to his associates for their consideration and final action.

The conclusion, resulting from the above-stated condition of affairs, is this : the new trial having been granted by a court having full power so to do, the defendant having complied with the conditions then imposed upon him, by paying the costs and giving a bond with approved sureties for the security of the plaintiff, he could not be deprived of a right thus lawfully acquired, by an attempt of the court to reverse its own order some four months after it was made.

The remaining assignments of error we leave undetermined, thinking it better to send the case back with a *procedendo*, that it may be·proceeded in from the point where it was left when the new trial was granted.

The judgment of the court below, as well as the order of 19th March 1880, is reversed and set aside, and a *procedendo* awarded.