## Leopoldina Hill, Appellant, v. John J. Egan.

*Practice, C. P.—Limited power of court to open judgment.*

Every court has power to open a judgment in order to give the parties a hearing or trial. In the case of judgment by confession or default there is no limit of time to the exercise of this power, but in the case of judgments entered adversely, after a hearing or trial, it is settled that it cannot be done after the end of the term at which they are entered.

*Practice, C. P.—New trial—Record.*

Where a motion for a new trial is granted the reasons should appear of record.

Argued Oct. 19, 1896. Appeal, No. 39, Nov. T., 1896, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1891, No. 70, making absolute rule for judgment for new trial nunc pro tunc. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Rule for new trial.

This was originally an action for damages for false arrest and malicious prosecution in which there was a verdict for the plaintiff for $100. A motion for a new trial was refused and judgment entered for the plaintiff. Defendant took a certiorari to the Supreme Court and the appeal was quashed on the ground that defendant had no bill of exceptions, but suggestion was made that this was a case for an allowance of a bill of exceptions nunc pro tunc. See opinion in Hill v. Egan, 160 Pa. 119.

The facts appear more fully in the opinion of the Superior Court.

*Errors assigned* were, (1, 2) making absolute the rule to show cause why a new trial should not be granted nunc pro tunc.

(3) Because the learned court below erred in granting the appellee a new trial after the term had expired in which the verdict had been rendered.

(4) Because the learned court below erred in granting the appellee a new trial after having once discharged the rule, and after an appeal taken to the Supreme Court by the present appellee had been quashed.

*J. Campbell Lancaster*, for appellant.—As to the power of the court to grant the new trial at this stage of the case, see Huston v. Mitchell, 14 S. & R. 307; Catlin v. Robinson, 2 Watts, 373; Stephens v. Cowan, 6 Watts, 511; Mather's Executors v. Patterson, 33 Pa. 485; King v. Brooks, 72 Pa. 363; Conrad v. Ins. Co., 81* Pa. 66; Lance v. Bonnell, 105 Pa. 46.

*De Forrest Ballou*, for appellee.

OPINION BY SMITH, J., November 9, 1896:

On the trial of this cause in the court below, February 6, 1893, the plaintiff obtained a verdict. February 8, the defendant moved for a new trial. March 7, the motion was refused. March 14, judgment was entered on the verdict. March 19, the defendant took an appeal to the Supreme Court. March 5, 1894, the appeal was quashed, for the reason that the record showed nothing that could be reviewed.

But as the trial occurred before the announcement of the decisions in Rosenthal v. Ehrlicher, 154 Pa. 396; Connell v. O'Neill, 154 Pa. 582, and Com. ex rel. v. Arnold, 161 Pa. 320, and as " the failure of counsel to have the record put in proper shape for review was owing to erroneous ideas of practice, which were corrected in those decisions," the court added: " We think this is a very proper case for relief by the court below by the allowance of a bill of exceptions nunc pro tunc, or in such other form as it may in its discretion deem best."

Upon the facts in the case, apparently undisputed, the Supreme Court said that the plaintiff was not entitled to recover. The defendant, however, assuming that the plaintiff would press the case no further, allowed the matter to rest, upon the assurance that, should the plaintiff proceed, the court would give relief by a bill of exceptions or a new trial.

March 20, 1895, the plaintiff issued a scire facias against the bail in error. April 15, the defendant obtained a rule for a new trial nunc pro tunc. December 12, 1895, this rule was made absolute, and proceedings on the scire facias suspended. From this order the plaintiff appeals. The question here is whether the court below had power to vacate the judgment which had been entered, and grant a new trial under the circumstances.

While there is no limit to the time within which a court may

open or vacate a judgment entered by default or confession, it is otherwise with respect to a judgment obtained adversely. It was said in Mathers v. Patterson, 33 Pa. 485, "There must be a time when the power of a court to open its judgments, obtained adversely, ceases. In England, it ends with the term at which judgment is signed. True, there is a reason for this which does not exist with us, arising from the peculiar manner in which the record is there made up and kept; but the rule of the English courts would seem to have been recognized as existing here: Catlin v. Robinson, 2 Watts, 379; Stephens v. Cowan, 6 Watts, 513." In Oil Co. v. Carothers, 63 Pa. 379, the plaintiff obtained a verdict October 18, 1867, on which judgment was entered October 23. March 21, 1868, a rule for a new trial was granted, which was made absolute September 5. The ·Supreme Court said: "No such motion could be made or granted so long after trial and verdict. Nor could it be done with a judgment standing in full force, under any conceivable circumstances. If such a proceeding could be tolerated, litigation would but begin where it ought to end, with the judgment." In King v. Brooks, 72 Pa. 363, the Supreme Court said, citing various authorities: "Every court has power to open a judgment in order to give the parties a hearing or trial. In the case of judgment by confession or default, there is no limit of time to the exercise of this power, but in the case of judgments entered adversely, after a hearing or trial, it is settled that it cannot be done after the end of the term at which they are entered." This view is further sustained in Conrad v. Ins. Co., 81* Pa. 66, and Lance v. Bonnell, 105 Pa. 46. It is unnecessary to cite anything further. It has also been repeatedly held that where a motion for a new trial is granted the reasons should appear of record. Nothing on this point is shown on the record in this case.

It is clear from abundant authority that the court below exceeded its power in granting the rule. It was too late to open the judgment, and the order making absolute the rule to open is reversed and set aside.