# E. W. Dean, Appellant, v. Michael Munhall.

*Opening judgment—Jurisdictions expire with the term.*

The power of the court to set aside a judgment obtained adversely and grant a new trial expires with the term at which the judgment is entered.

Leave given on March 9 to reargue a motion for a new trial in a case where an adverse verdict was obtained in the preceding term does not open an order of March 7 refusing the motion ; hence the court is without power in a following term to set aside the order of March 7, open the judgment by an order made in July, two terms after the judgment and one term after the motion for reargument had been refused.

Argued April 11, 1899.   Appeal, No. 45, April T., 1899, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., March T., 1890, No. 228, setting aside judgment and granting a new trial. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Reversed.   Opinion by W. W. PORTER, J.   RICE, P. J., and BEAVER, J., dissent.

Assumpsit.   Before STOWE, P. J.

It appears from the record that verdict and judgment was obtained in the above case for $420.55 in the absence of defendant's actual counsel who was engaged in the trial of another case on which plaintiff's counsel of record was acting as his opponent.   Judgment was entered on the verdict and execution issued, whereupon a rule was taken to show cause why judgment should not be set aside and defendant let into a defense, and why execution should not be stayed.   It appears also from the testimony that the rules of Allegheny county provide for four regular terms, to wit: March, June, September and December, said terms beginning on the first Monday of each month.   It also appears from the rules of court that four days are allowed for motions for a new trial.   It further appears that in 1897, September term began on Monday, September 6, and ran to Monday, December 6, and that the following steps were taken in the case: On October 4, judgment was entered for the plaintiff.   On October 20, defendant's petition was filed to open judgment and let defendant into a defense and rule granted on plaintiff.   Notice of this proceeding was served on plaintiff's counsel.   On December 3, defendant's deposition was taken.   On December 20, argument of rule was continued by

consent and on February 14, 1898, rule was argued.    On March 7, rule was discharged.    On March 9, a reargument was ordered. On June 9, motion was refused and on June 24, the above order was vacated and cause held for further consideration.    On July 1, the rule was made absolute, the order of March 7, vacated, judgment and verdict set aside and a new trial granted on defendant paying the costs.    Plaintiff appealed.

*Errors assigned*‟ among others were (1) in entering the final order and decree of July 1, 1898, upon the defendant's amended rule, to show cause why the judgment entered should not be opened or set aside and defendant let into a defense, and execution stayed.   (2) In granting a new trial after the expiration of the term in which the verdict and judgment thereon were entered, no rule for that purpose having been sought or entered during the term, but only a rule to open and set aside the judgment and let the defendant into a defense.

*George B. Gordon*, with him *George E. Alter*, for appellant. —This rule and its amendment were improvidently granted. No relief could have been granted under them.   It was not a case of judgment by confession or default, but after issue joined and a regular trial had in open court.    The allowance of a motion for a new trial, nunc pro tunc, as of a date prior to the judgment, was the proper and only relief available to the defendant: Lance v. Bonnell, 105 Pa. 46.

A general verdict can only be set right by a new trial: Tidd's Practice, 904; Huston v. Mitchell, 14 S. & R. 307.

The rule as originally entered, and also the rule as amended by the defendant's own counsel, to open or set aside the judgment, cannot be deemed as sufficient authority for the granting of a new trial, for two very plain reasons : (1) It would be a misuse of terms to interpret a rule to open or set aside a judgment as meaning the granting of a new trial; and (2) if this rule to open a judgment was intended by the court as the equivalent of a motion to grant a new trial, it was a nullity, because it was not entered nunc pro tunc, as of a date between the verdict and judgment: Lance v. Bonnell, 105 Pa. 46.

Granting or refusing new trials, when asked for during the term, are within the sound discretion of the trial court.    But

not so after the term has passed. Then the rights of the parties are fixed and permanently established, and nothing short of an extraordinary cause will justify the further intervention of that court: O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136.

But the motion for reargument was also refused after another term had expired. Surely the court's common-law power was then ended: Conrad v. Ins. Co., 81* Pa. 66, 71; King v. Brooks, 72 Pa. 363; Hill v. Egan, 2 Pa. Superior Ct. 596.

*M. W. Acheson, Jr.*, with him *Geo. C. Wilson* and *Wm. D. Evans*, for appellee.—Under the facts there was no abuse of discretion and therefore on the merits the court should be affirmed.

In the absence of an abuse of discretion, an order granting or refusing a new trial, or opening or refusing to open a judgment, will not be reversed by the appellate court: Lance v. Bonnell, 105 Pa. 46; Howser v. Com., 51 Pa. 332; Koch v. Biesecker, 7 Pa. Superior Ct. 37; Reno v. Shallenberger, 8 Pa. Superior Ct. 436.

This case was tried in the absence of the defendant and his attorney,—the only counsel he had ever had in the case. At the time, his counsel was actually engaged in the very same court in the trial of another cause, and in that other case the opposing counsel was the appellant's record attorney in the present case who had up to that time had active charge of it.

In Jackson v. Vanhorn, 1 Dallas, 261, the court opened a judgment by default where the defendant, by mistake of his attorney, had notice of trial on a wrong day.

When the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application: Watson v. S. F. & H. B. R. R. Co., 41 Cal. 17; Cruse v. Cunningham, 79 Ind. 402.

The appellant contests the validity of the order granting a new trial for two reasons: (1) Because the term at which judgment was entered was passed; and (2) on account of the form of defendant's motion and rule.

The rule to show cause having been issued and served within the term and continued by the court for hearing into the succeeding term, the status of the case and the court's control over the judgment were preserved.

The record shows the defendant's petition, the rule to show cause and service thereof were all within the term of the judgment. The argument of the rule was duly continued by the court.

Now, it is undoubtedly the general rule that the power of a court over its judgment, recovered adversely, expires with the term at which judgment is entered. But the qualification of this principle is equally well settled,—that the pendency of a valid rule to show cause, issued and served within the term, preserves the court's power beyond the term. The application must be made in the term, but the court is not bound to dispose of it within the term.

This was expressly decided in Lance v. Bonnell, 105 Pa. 46. The court there said: " The motion having been made within the term, no objection can be made that it was not finally disposed of until a subsequent term."

Suppose a very possible case : Near the close of a term a verdict is recovered in the absence and without the knowledge of the defendant and his counsel. Their absence is entirely excusable. On the merits the court would unhesitatingly grant relief. Judgment is regularly entered on the last day of the term, and then, the defendant, having just learned of the verdict and judgment, applies on the same day for a new trial. The court, however, on account of the press of business, is unable to hear the application, but grants a rule to show cause which is at once served. Then the term expires. Can it be that the court is powerless to grant relief? To ask the question, we think, is to answer it.

In Amy v. Watertown, 130 U. S. 301, the United States Supreme Court held that a motion to set aside a judgment, if made and served at the term at which the judgment is rendered, may be heard and decided at the next term of court if properly continued by order of court: 5 Enc. of Plead. & Prac. 942, n. 1; Hibbard v. Mueller, 86 Ill. 256; Knox County Bank v. Doty, 9 Ohio, 505; Niles v. Parks, 49 Ohio, 370.

In the case at bar the court below at first discharged the defendant's rule, not, however, upon the merits at all, but on account of a supposed lack of power. This was in March term. It almost immediately and in the same term ordered a reargument. And observe, the court did not simply allow a motion

for a reargument to be filed or grant a rule to show cause, as in Barlott v. Forney, 187 Pa. 301, cited by appellant, but the court ordered a reargument and stayed proceedings. The legal effect was to reinstate the defendant's rule. The situation was then precisely the same as if the rule had never been discharged. And so also in June term the motion of refusal was promptly in the same term vacated and the rule left pending in its original vigor. This is not a case of a motion for a new trial made after the term of judgment, nor of a second motion for a new trial made after the term. The court made absolute, not a new rule, but the primary rule which had been issued and served within the term and whose status by regular orders had been preserved into the succeeding terms.

So far as the question of power is concerned, the jurisdiction of the court having been preserved into the subsequent term, its exercise was not confined to any one day of that term. Within the limits of the entire term, into which its control of the judgment had been carried, it had plenary power: Van Vliet v. Conrad, 95 Pa. 494.

OPINION BY WILLIAM W. PORTER, July 28, 1899:

The common-law power of the court below to set aside the judgment and grant a new trial was manifestly exhausted by the order of March 7, 1898, discharging the rule. Such power ends at the expiration of the term at which the judgment is entered (Hill v. Egan, 2 Pa. Superior Ct. 596), although a motion made within the term may be disposed of at a subsequent term: Lance v. Bonnell, 105 Pa. 46. The leave given on March 9, 1898, to reargue did not reopen the order of March 7, 1898. The two orders were not "legally contemporaneous," as in Van Vliet v. Conrad, 95 Pa. 494, and the leave to reargue was subsequently, on June 9, 1898, withdrawn by the court. In this view of the case, the court was without power to make the order of June 24, 1898, from which this appeal is taken. There was no equitable jurisdiction in the court to make it, in the absence of any allegation of fraud practised in procuring it and the case of Fisher v. The Railway, 185 Pa. 602, is not therefore in point.

The order of the court below is reversed.

RICE, P. J., and BEAVER, J., dissent.