## Schneider, Appellant, *v.* Bates.

*Justice of the peace—Appeals—Proceedings de novo—Cause of action.*

1. Where a case comes into the common pleas by appeal from the judgment of a justice of the peace, the proceedings thereafter are de novo as to the declaration, pleadings and evidence, but the cause of the action must continue the same as it was before the justice.

*Judgment—Appeal from justice of the peace—Judgment by defendant— Striking off judgment—Opening judgment.*

2. In the absence of a rule of court, the court of common pleas has no authority on the trial of an appeal from a judgment of a justice of the peace, on the defendant not appearing, to grant a judgment for plaintiff, on the latter's motion, "affirming the judgment of the justice." Such a judgment is an illegal judgment and may be stricken off at any time even after the expiration of the term at which it was entered. Even if it were a legal judgment, it is a judgment by default, and not adverse, and may be opened at any time, even after the term.

Argued Dec. 14, 1911.    Appeal, No. 205, Oct. T., 1911,

.by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1907, No. 2,299, making absolute rule to set aside and open judgment in case of Arthur F. Schneider v. William H. Bates and Mary M. Dulin.   Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Appeal from judgment of magistrate.
The opinion of the Superior Court states the case.

*Error assigned* was in making absolute rule to set aside and open the judgment.

*Benjamin Alexander*, for appellant.—The judgment could not be opened after the term had expired: Dean v. Munhall, 11 Pa. Superior Ct. 69.

The authorities are conclusive that the court below is without power to open an adverse judgment after the term in which it is rendered: King v. Brooks, 72 Pa. 363; Philadelphia v. Coulston, 118 Pa. 541; Hill v. Egan, 2 Pa. Superior Ct. 596; Dickson v. Whitney, 1 W. N. C. 51.

Where defendants appear and plead to issue, judgment on verdict rendered in defendants' absence, is an adverse judgment, and not a judgment by default: Abeles v. Powell, 6 Pa. Superior Ct. 123.

*E. W. Kirby*, for appellees, filed no printed brief.

Opinion by Morrison, J., March 1, 1912:

This case originated before a magistrate of the city of Philadelphia.   It was before us on appeal, by the plaintiff, once before, and, judging by the plaintiff's claim and the facts alleged in the affidavit of defense, the procuring of a judgment in favor of the plaintiff has depended upon a very sharp point.   When the case was here before, the facts and legal questions involved up to that date, were very fully discussed by President Judge Rice, and the court below was sustained in discharging a rule for judg-

ment for want of a sufficient affidavit of defense: Schneider v. Bates, 37 Pa. Superior Ct. 432.

After the record was again lodged in the common pleas, plaintiff's counsel, on February 27, 1909, entered and served a rule on defendants to plead to a declaration theretofore filed, and on March 13, 1909, defendants entered their pleas and thereafter plaintiff had the case placed on the trial list for Monday, February 7, 1910. By reason of the defendants failing to appear for trial, it appears of record that, on motion of plaintiff's counsel, the court below "affirmed the judgment of the magistrate." On June 9, 1911, a writ of fi. fa. was issued and on June 16, defendants' counsel entered, "Rule on plaintiff to show cause why the judgment should not be set aside and opened and writ of fi. fa. stayed, all proceedings to stay in the meantime." Following this we find this entry: "June 26, 1911, rule absolute, eo die exception noted for plaintiff." Our question then is, did the court below commit reversible error in setting aside and opening the judgment which was granted on February 7, 1910, as shown by the record, by affirming the magistrate's judgment?

It should be borne in mind that this case came into the common pleas by appeal, and therefore, the proceedings thereafter would be de novo as to the declaration, pleadings and evidence; but the cause of action must continue the same as it was before the magistrate: Moore v. Wait, 1 Binney, 219; Wright v. Guy, 10 S. & R. 227; Caldwell v. Thompson, 1 Rawle, 370; Reitze v. Meadville & L. Ry. Co., 126 Pa. 437; Justice v. Meeker, 30 Pa. Superior Ct. 207.

The appellee has presented no paper-book and we are unable to find anything in the record, as printed and furnished to us by appellant's counsel, authorizing the court of common pleas, in an appeal from a judgment of a justice of the peace, to grant a judgment for plaintiff, on his motion, "Affirming the judgment of the magistrate." The practice in this little hotly contested case seems to

have been rather slovenly.   The rule is to "set aside and open the judgment," and this rule was made absolute without any qualifying or explanatory words.   Now, so far as we can see, the judgment was, on the face of the record, irregular and illegal, and if the court meant, by its order making the rule absolute, to set aside, that is, strike off the judgment, we cannot say that this was error.   The rule invoked and the authorities cited by appellant's counsel, to the effect that the court cannot open an adverse judgment after the term at which it was entered, do not apply to an illegal judgment; one that appears so on its face.   It is well settled by a long line of decisions that a court can on motion, strike off or set aside an illegal judgment; one that so appears on the face of the record: Davidson v. Miller, 204 Pa. 223; Weaver v. McDevitt, 21 Pa. Superior Ct. 597; Eddy v. Smiley, 26 Pa. Superior Ct. 318.   In Com. v. Hoffman, 74 Pa. 105, the Supreme Court held as stated in the syllabus: "Where by the record there appears to be no ground for a lawful judgment, a court of error will reverse, although there be no affidavit of defense."   In Stoke & Co. v. McCullough, 107 Pa. 39, the Supreme Court, speaking through the late Mr. Justice CLARK, said: "The courts have always had power to strike off an irregular judgment, or a decree improvidently entered, but no power existed at the common law to strike off, vacate or satisfy a judgment regularly entered," citing cases.

We do not feel called upon in this case, on the facts as they appear of record, to attempt to sustain the court below in opening the judgment, a considerable time after the term at which it was entered, because we consider it a fair inference, from the record, that the judgment was really set aside or striken off for reasons appearing of record.   The writer has known of rules of court, in some of the counties, which authorized the court, in appeals from justices of the peace, when the case was reached for trial and the defendant did not appear, to grant judgment in favor of plaintiff, on his motion, for the amount of the

justice's judgment with interest. I am not aware that the legality of such a rule has ever been determined by the higher courts. If there was a rule in common pleas, No. 2, of Philadelphia county which authorized the court to affirm the magistrate's judgment, the appellant's counsel ought to have printed the rule and thus brought it before us. Inasmuch as no such rule has been produced, we have no question before us as to its validity, if there be such a rule in that court. It is common practice to affirm a magistrate's judgment on certiorari, but we cannot conceive how such a judgment can be affirmed in the common pleas, on motion, when the case came there by appeal, unless it should be in pursuance of a rule of court.

But suppose, arguendo, that the said order of court really did open the judgment sixteen months after its entry, and long after the term at which it was granted had ended, then the question arises, Was it an adverse judgment; one entered after a hearing or trial? In King et al. v. Brooks et al., 72 Pa. 363, the Supreme Court, through the late Mr. Justice SHARSWOOD, said: "It is true that no court has power to strike off or vacate a judgment which is regular on its face. But every court has power to open a judgment in order to give the parties a hearing or trial. In case of judgments by confession or default there is no limit of time to the exercise of this power, but in case of judgments entered adversely after a hearing or trial it is settled that it must be done before the end of the term at which they are entered," citing cases. In Hill v. Egan, 2 Pa. Superior Ct. 596, we followed the above decision, as we again did in Herndon Borough, 19 Pa. Superior Ct. 127. Now, it cannot be pretended that the judgment in question was entered after a hearing or trial. The very reason the judgment was granted was because the defendants were in default in not appearing for trial when the case was called. Therefore, it was a judgment by default; a judgment moved for by the plaintiff's counsel based on a technical point. Therefore, if the court really opened the judgment, instead of setting it aside, there was no error.

When we examine the plaintiff's declaration and the affidavits of defense it is not difficult to understand why the court below was not willing to allow said judgment to stand. Assuming that the affidavit speaks the truth, and can be sustained, then the plaintiff is not entitled to recover a dollar.

The assignment of error is not sustained. Appeal dismissed at cost of appellant, Arthur F. Schneider, and order affirmed.