## Horrocks v. White, Ex. Def., Skarupsky, Appellant.

Argued October 4, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Oscar Rosenbaum,* for appellant.

*William W. McKim,* for appellee.

OPINION BY LINN, J., October 24, 1928:

Plaintiff, claiming goods levied upon by the sheriff at the instance of a judgment creditor, interpleaded with him pursuant to the Act of May 26, 1897, P. L. 95, as amended. The issue appeared on the trial list for March 16 (when plaintiff and his counsel were present) and on the 17th, 1927, but was not reached for trial until the 17th. When the case was then called, neither plaintiff nor his counsel were in court; defendant's counsel then moved for a non-suit for want of prosecution by plaintiff and his motion was granted. So the matter stood until December, 1927, when plaintiff learned of the non-suit and filed a petition asking that it be stricken off. The ground of relief stated in his petition was that he was engaged in the trial of another case in another court and had left notice of that engagement with a clerk of the court below. On that petition the court struck off the non-suit stating that on March 16th the presiding judge had been advised of the probable engagement of counsel but that on the 17th when the case was reached that fact had "unfortunately slipped [his] memory." He also said "And if this non-suit is not taken off, injustice would be done in this, that the plaintiff, who has never had his day in court, would be deprived of it, by a slip in the memory of the trial judge who supposed him to have abandoned his case, when in fact he had appeared, and satisfied the court of the inability of his counsel to be present. The plaintiff was not guilty of laches in making the

motion. The case normally would not have appeared again upon the trial list at the earliest until October or November. There is no trial list in December. When it did not appear on the November list plaintiff had the first intimation that something was wrong, and made the present motion."

The appeal does not merit discussion; appellant had merely a default judgment that on familiar principles remained within the control of the court after the term in the circumstances stated: Schneider v. Bates, 49 Pa. Superior Ct. 430, 434; Penna. Stave Co.'s App., 225 Pa. 178. As no point was made by appellee that striking off the non-suit was interlocutory and not appealable, we deem it unnecessary to pass on it.