Kupres, Appellant, v. Citizens Natl. Bank et al.

352

Submitted December 9, 1930.

Before Trexler, P. J., Kel-
ler, Linn, Gawthrop, Cunningham, Baldrige and
Whitmore, JJ.

*P. B. Roads,* for appellant.

*Chas E. Berger,* and with him *R. J. Graeff* and *D.
J. Boyle,* for appellee.

Opinion by Trexler, P. J., January 30, 1931:

On January 3, 1924, judgment was entered by con-
fession in favor of the Citizens National Bank of Le-
highton, Penna., and against John Kupres for $400.
The defendant was living with his wife and family on
a farm and they continued to live there until 1927,
when John Kupres died.

On March 13, 1926, an alias fi. fa. was issued on the
judgment and the sheriff, on March 30, 1926, levied

upon various articles as the property of John Kupres. On the same day, Joseph'ne, his wife, claimed the goods levied upon. The sheriff obtained a rule on the parties to interplead and on April 14, 1926, the property was appraised at the sum of $2,174.30. The claimant filed her statement of claim and bond on April 16, 1926, for the sum of $1,200 and took possession of the property.

On February 28, 1927, almost a year later, after the interpleader was at issue and more than three years after the entry of the judgment, John Kupres, execution defendant, took a rule on the bank to show cause why the judgment should not be opened, alleging that L. A. Stiegerwalt, the guarantor on the judgment note, had obtained the note by fraud. No order was made staying the proceedings of the rule to open the judgment and as far as the docket entries disclose, nothing has been done to hasten the decision on the rule.

On March 17, 1930, the issue framed to determine the ownership of the goods came to trial. The claimant moved to strike the case from the trial list and to continue it on the ground that the rule to open the judgment was still pending. No information was given as to the status of the rule to open. No assurance was given as to the plaintiff's ab'lity to hasten the disposition of the rule to open the judgment to which she was not a party. The motion was overruled and the trial resulted in a verdict for defendant.

The only question raised is, that the court erred in proceeding with the trial of the interpleader in spite of the objection of the claimant that the rule to open the judgment was still pending. In Van Vliet v. Conrad, 95 Pa. 494, cited by the lower court, it was held that a rule to show cause why a judgment should not be opened does not stay proceedings unaccompanied by an order to that effect. It would seem to be a good

354

practice that where a rule to open a judgment seasonably entered and an interpleader are contemporaneous, that attention should be given to the first before the issue involving the ownership of the property seized under the execution should be tried, but this application to open the judgment came too late to stay proceedings in the interpleader. If the defendant in the judgment wished to question its validity, he should have been prompt in his application. As far as appears on the record, the plaintiff in the interpleader is not a party to the judgment and is not in a position to question its validity and has no interest in it. We think the matter was within the sound discretion of the court and does not call for any interference on our part.

The judgment is affirmed.