Citizen's National Bank of Lehighton, Pa. *v.* Kupres.

Submitted March 16, 1932.

Before TREXLER, P. J., KELLER, GAW-THROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*P. B. Roads,* for appellant.

*Chas. E. Berger,* and with him *R. J. Graeff* and *D. J. Boyle,* for appellee.

Opinion by Cunningham, J., July 14, 1932:

This appeal is by Josephine Kupres, widow of John Kupres, from an order discharging a rule theretofore obtained by her husband to show cause why a judgment entered against him by Citizen's National Bank of Lehighton should not be opened to permit him to defend.

The judgment was entered by confession January 3, 1924, upon a note made by John Kupres under date of September 20, 1923; his petition to open was delayed until February 28, 1927 and his death occurred sometime that year; the rule was returnable March 14, 1927, but the answer was not filed until March 24, 1930; and the proceeding to open was not brought to hearing until April 13, 1931.

The appeal was submitted to us without oral argument and we have been given no explanation for the unusual delays intervening between the entry of judgment and the petition to open and between the issuing of the rule and the hearing thereon—more than three years in one case and four in the other. Moreover, we do not find in the record any indication of the theory upon which counsel for Josephine Kupres predicate her right to take this appeal; she was not a party to the judgment and it does not appear that she has been substituted of record as the personal representative of the defendant therein.

The note upon which judgment was confessed was for $400, payable to Citizen's National Bank, Lehighton, sixty days after its date—September 20, 1923; it bore an endorsement by one L. A. Steigerwalt in which he guaranteed its payment at maturity and authorized a confession of judgment against himself; the word "Renewal" was also endorsed upon it.

Steigerwalt was obliged to pay the bank and by an assignment, filed March 9, 1927, the judgment was transferred to him; the real controversy, therefore, was between Steigerwalt and the widow of the de-

fendant in the judgment. Within a few days after the entry of judgment an execution was issued and a levy made upon certain personal property in the possession of the defendant; his wife claimed title thereto and no further proceedings seem to have been taken on that writ. On March 13, 1926, an alias execution was issued, the wife again claimed the chattels levied upon, interpleader proceedings followed and the claimant gave bond and took possession of the property. After the interpleader proceedings had been at issue nearly a year the petition of John Kupres to open was presented.

The ground upon which Kupres sought to have the judgment opened was that Steigerwalt had procured the execution and delivery of the note in exchange for a worthless motor truck by inducing him to become so intoxicated that he was incapable of understanding the nature of the transaction.

When the interpleader proceedings came on for trial on March 17, 1930, Josephine Kupres, the claimant plaintiff therein, objected to proceeding with the trial thereof upon the ground that the rule to open the judgment was outstanding and undetermined. The court below proceeded with the trial, which resulted in a verdict in favor of the bank for an amount in excess of the judgment, and on July 20, 1930, judgment was entered on the verdict but execution thereon restricted to the amount of the judgment and interest. From that judgment Josephine Kupres appealed to this court. We held, January 30, 1931, (101 Pa. Superior Ct. 351) that as proceedings had not been stayed when the rule to open issued and as Josephine Kupres was neither a party to the proceeding to open nor had any interest in the judgment, the court below, under such circumstances, had not abused its discretion in going on with the trial of the interpleader.

As stated, the proceedings to open came on for hearing on April 13, 1931, on rule, answer and replica-

tion, and testimony offered by both sides was taken by a judge of the court below. Notwithstanding the apparent lack of any legal right in Josephine Kupres to prosecute this appeal, we have carefully considered all the testimony and are convinced the court below was fully justified in arriving at the conclusions stated in its opinion discharging the rule.

In brief, the court found from the testimony that the transaction between Steigerwalt and John Kupres, relating to the purchase of a truck by Kupres, did not take place on the date of the note upon which judgment was entered—September 20, 1923—but that the note then given was the fourth renewal of a note given by Kupres, and discounted at the bank by Steigerwalt, in November, 1922; and that the original note was given in connection with a transaction between Kupres and Steigerwalt on November 23d, of that year, wherein Kupres agreed to sell Steigerwalt certain standing timber on land to which he claimed title and to buy an Atlas truck from Steigerwalt. The sale of the timber was not consummated because the land was, in fact, owned by Josephine and John Kupres as tenants by entireties and she refused to join in the transfer.

Complaint is made that the hearing judge erred in refusing to admit as evidence certain averments contained in the petition, but denied in the answer, which counsel for appellant contended should have been admitted because the answer had not been filed until long after the return day of the rule. It is sufficient to say that the answer was filed more than a year before the hearing and, although respondent had been in default for three years, no application was made during that time for an order opening the judgment by reason of respondent's failure to answer the rule.

Another assignment charges error in the exclusion of certain offers by appellant to prove declarations made by John Kupres, in the absence of Steigerwalt,

on the day after the alleged perpetration of the fraud; the offers were properly excluded.

The proceeding below invoked the exercise of the equitable power of the court and, upon a review of the entire record, we are satisfied the chancellor properly exercised the discretion vested in him.

Order affirmed.