## Dorfman et ux., Appellants, v. Horn & Hardart Baking Company.

Argued October 4, 1934.

Before TREXLER, P. J., KELLER, CUNNING-HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Maurice G. Weinberg,* for appellants.

*J. B. H. Carter,* with him *Richardson Dilworth* and *Evans, Bayard & Frick,* for appellee.

OPINION BY TREXLER, P. J., December 18, 1934:

On January 30, 1933, an action in trespass was instituted by the plaintiffs against the defendant and the matter came on to be tried on November 2, 1933 at which time a compulsory non-suit was entered. The plaintiffs thereupon filed a motion to take off the non-suit which motion was dismissed on December 27, 1933. The attorney for the plaintiffs some time thereafter, not disclosed in the printed record, filed a petition alleging that the facts presented at the trial were sufficient to have the question of negligence submitted to the jury and that he believed if the facts were presented to the appellate division of the municipal court, he would be able to convince it that there was sufficient testimony presented at the trial to submit the question of negligence to the jury. Upon this petition, one of the judges of the court entered the following order on March 9, 1934: "It is ordered and decreed that the motion to take off the non-suit should be reinstated." It does not appear upon what facts the application was based. We quote from Judge ROSEN's opinion, "No argument was ever heard on this order, but on March 16th, following, the plaintiff's attorney filed a praecipe with the clerk of this court

withdrawing the motion to take off the non-suit. Thereafter on March 23, 1934, plaintiffs commenced another action in trespass to the same term and number and upon the same cause of action. A statement of claim was filed in this latter action and defendant filed questions of law in lieu of an affidavit of defense alleging as a reason therefor that it appears of record that there was a previous non-suit entered in this case and a motion to take it off was dismissed . . . . . . ''.

The court, therefore, sustained the demurrer holding that the case was res adjudicata. When the motion to take off the non-suit was entered, December 7, 1933, and subsequently dismissed there is no doubt that the appellant could have appealed from the order made. When he submitted the question of the legal sufficiency of the evidence to sustain the plaintiff's claim and the decision went against him, the judgment was final. Fine v. Soifer, 288 Pa. 164, 135 A. 742. This determined the status of the parties and if he desired to test the correctness of the action of the trial judge he should then have appealed. The petition presented later alleged generally that the facts presented at the trial did not warrant the entry of a non-suit, and that they would be found by the court en banc to be sufficient to have the question of the defendant's negligence submitted to a jury.

We adopt the following excerpt from Judge ROSEN's opinion: ''We are of the opinion that what the court intended by the order of March 9th was to grant leave to the plaintiffs to re-argue the motion to take off the non-suit leaving the question of whether any change should be made in its order of December 27, 1933 to the result of the argument. This becomes more apparent upon considering the reasons advanced by the plaintiffs in their petition in which they requested an opportunity to again present the facts to this court with the hope of convincing it that the order discharg-

ing the motion to take off the non-suit was erroneously entered.

"Giving the order to re-instate the motion to take off the non-suit this meaning makes it consistent with the record, and we think gives full effect to that order. To give it the meaning contended for by the plaintiffs would be to permit a plaintiff to gamble on the outcome of a motion filed to take off a non-suit, and if the decision is adverse to him have it re-instated and then withdraw it, and thus nullify the effect of a final appealable judgment."

Judge ROSEN in the opinion calls attention also to the fact that the motion to take off the non-suit was dismissed on December 27, 1933, and the order to re-instate the motion to take off the non-suit was made on March 9th of the following year, and that it was too late as the term had expired, Dean v. Munhall, 11 Pa. Superior Ct. 69, and was not legally contemporaneous with the original order to take off the non-suit as in Van Vliet v. Conrad, 95 Pa. 494, it could not be considered as a continuance of the original motion. There is abundant authority to sustain the above statement.

We call attention to the fact that the printed record fails to show verbatim what the order of the court was "re-instating" the motion, nor does it disclose when the petition to reinstate was presented, nor is there a copy of the petition printed.

The judgment is affirmed.