## Schwartz et ux. v. Reiter

*Llewellyn E. Lloyd*, for plaintiffs.
*Graham, Yost & Meyers*, for defendant.

MCKENRICK, J., December 31, 1945.—William Schwartz and Claira Davee Schwartz instituted an action in assumpsit before an alderman; Frank P. Reiter Agency, William T. Malcolm and Elizabeth I. Malcolm were named as defendants. At the hearing plaintiffs suffered a voluntary nonsuit as to defendants Malcolm, but judgment was entered against Frank P. Reiter Agency, the other defendant, in the sum of $250. Defendant took an appeal to the court of common pleas.

Plaintiffs then filed a statement of claim bearing the following caption: William Schwartz, Claira Davee Schwartz v. Frank P. Reiter, trading and doing business as Frank P. Reiter Agency.

Plaintiffs' claim arises out of a contract in writing, and defendant's counsel filed an affidavit of defense raising questions of law. The theory upon which plaintiffs proceed is that having a contract with defendant Reiter for the purchase of certain premises

they had agreed to pay the sum of $6,300 in the following manner: $250 upon the signing and delivery of the agreement, $750 upon taking possession, and the balance of $5,300 to be secured by first mortgage. The sum of $250 was paid, and is the subject matter of the present suit. The $750 to be paid was due upon the delivery of possession to plaintiffs, but defendant was not able to and did not deliver possession because a tenant was in the occupancy of the premises during the entire period of the contract.

Plaintiffs' statement further sets forth that William T. Malcolm and Elizabeth I. Malcolm, who had given an option to Reiter, notified defendant that the option was terminated. The statement further sets forth that defendant had never at any time since the execution of the agreement been able to perform the terms and conditions set forth and, notwithstanding his failure to perform his part of the contract, defendant Reiter refused to refund the down payment of $250.

The affidavit of defense raising questions of law sets forth:

"1. The contract in this case specifically provides that the down payment of $250 'shall be forfeited by the party of the second part to the parties of the first part as liquidated damages and as compensation for services rendered, and this Agreement shall thereupon become null and void'."

"2. The writ issued by the alderman in this case was against Frank P. Reiter, William T. Malcolm and Elizabeth I. Malcolm, defendants. The statement of claim does not conform to the writ in that it is against Frank P. Reiter alone."

Reference to the contract discloses that $750 was to have been paid upon the giving of possession, the exact terms being "$750.00 on taking possession". Clearly, plaintiffs could not take possession of the premises until possession was given them, and they

were not obliged to pay the $750 until possession was so given.

Plaintiffs' statement avers that plaintiffs have at all times been ready and willing to perform, and by performance we assume is meant to pay the amounts agreed upon, there being nothing else for plaintiffs to do.

In the contract we find the following: "The conditions hereinbefore referred to are that in case the party of the first part by reason of any defect in title or for any other reason are unable to give a good and sufficient title, as above stated, then the money paid by the part .... of the second part heirs and assigns, shall forthwith be returned by the party of the first part, and this agreement shall thereupon become null and void; moreover, that in case the part .... of the second part shall fail or refuse to comply with the terms of this Agreement, that then the money already paid, shall be forfeited by the part .... of the second part to the parties of the first part as liquidated damages and as compensation for services rendered, and this Agreement shall thereupon become null and void." The contract, however, must be read in its entirety, and whether the plaintiffs performed their part or the defendant refused to perform his part are questions of fact to be tried by a jury.

Defendant also raises the question of a variance between the writ and plaintiffs' statement. Generally, it is true that while proceedings in the common pleas are de novo ". . . the cause of action must continue the same as it was before the magistrate . . .": Schneider v. Bates, 49 Pa. Superior Ct. 430.

Our attention, however, has been called to Pa. R. C. P. 2232 (d), which reads as follows:

"When a plaintiff joins two or more defendants and the evidence does not justify a recovery against all of them, the court shall enter a nonsuit or direct a ver-

dict in favor of any defendant not shown to be liable either jointly, severally or separately, and the action shall continue and determine which of the remaining defendants are jointly, severally or separately liable with the same effect as though the defendants found to be liable were the only ones joined."

Under this rule the defendants as to whom nonsuits were suffered by plaintiffs were no longer parties to the proceeding, and it would be useless to join them in the present proceeding where the only defendant allegedly liable is defendant appellant; he alone took an appeal and liability is sought to be established against him alone. The cause of action remains the same. The parties, however, have been reduced in number. We are of opinion that the objection raised by defendant is not tenable.

Paragraph fifth of plaintiffs' statement alleges "That immediate possession and occupancy of the dwelling house erected on said property by plaintiffs and their children was the essence of said agreement and this fact was known and understood prior to the execution of said agreement, 'Plaintiffs' Exhibit A', by defendant." Defendant's brief raises the question that the agreement is silent on this point and that fraud, accident or mistake is not alleged. If, at the trial, plaintiffs should attempt to give evidence not admissible under the rule of Gianni v. R. Russell & Co., Inc., 281 Pa. 320, the trial court will be in a position to rule upon the objection. The incorporation of a paragraph in plaintiffs' statement which is not necessarily fatal to the whole proceeding would not justify us in sustaining the demurrer to a cause of action which on the whole is well pleaded.

And now, December 31, 1945, for the reasons herein given the affidavit of defense raising questions of law is overruled, and defendant directed to file an affidavit of defense to the merits within 15 days.