Citizens Bank of St. Clair *v.* Gwinner, Appellant.

Argued December 14, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Leon N. Mandell,* and with him *Jos. G. Seesholtz,* for appellant, cited: Brader v. Alinkoff, 85 Pa. Superior Ct. 285; National Union Fire Insurance Co. v. Mellon National Bank, 276 Pa. 212.

*George H. Kaercher,* and with him *J. F. Mahoney* and *Shippen Lewis,* Special Deputy Attorney General, and *William A. Schnader,* Attorney General, for appellee, cited: McCready v. Gans, 242 Pa. 364; King v. Brooks, 72 Pa. 363.

Opinion by Trexler, P. J., February 1, 1934:

This is an action of assumpsit by the Citizens Bank of St. Clair against H. J. Gwinner to recover the sum due on two trade acceptances. The plaintiff filed its statement of claim in which it averred that on or about February 28, 1931, it discounted for the Chemical Insect Service, Inc., the two trade acceptances in question drawn upon the defendant and by the defendant accepted on the due dates, namely, April 10, 1931, and May 10, 1931. An affidavit of defense was filed in which the appellant averred that the trade acceptances were accepted and delivered by him to the Chemical

Insect Service, Inc., and this was done by reason of certain representations made to him. We need not go into the particulars of the defense as the court entered judgment for want of a sufficient affidavit of defense on July 25, 1932, and no appeal was taken from this order.

On March 6, 1933, over eight months afterwards, a petition was presented to open the judgment and to file a supplemental affidavit of defense for the reason that after discovered evidence disclosed there was no such company as the Chemical Insect Service, Inc., and no such person as J. F. Strickler who endorsed the acceptances as president of the Chemical Insect Service, Inc. There was a denial in the nature of a demurrer filed by the plaintiff and the court dismissed the petition to open the judgment, giving as a reason, the judgment being adverse (Brader v. Alinikoff, 85 Pa. Superior Ct. 285) that it was presented after the term in which the judgment was entered and the court had no power to open it and because of the laches of the appellant in not presenting his petition sooner.

The burden of the defendant's petition is that he sought the advice of William Wilhelm, Esquire, and that the latter after investigation reported that the drawers of the acceptances had no existence, that he also reported that no such firm or corporation had been registered in the department at Harrisburg to do business in the State of Pennsylvania.

There is authority for the position taken by the court that the term having passed, the petition to open came too late. "The power of the court to open where the judgment is entered in adverse proceedings ends with the term: King v. Brooks, 72 Pa. 363; McCready v. Gans, 242 Pa. 364; Dean v. Munhall, 11 Pa. Superior Ct. 69; Miller v. Baker, 64 Pa. Superior Ct. 124. At least this is the case in common law proceedings: Kantor v. Herd, 276 Pa. 519, 524."

Apart from this, the question whether the laches of the defendant in delaying eight months to present his petition barred relief, was a matter peculiarly within the discretion of the court.

In addition to the above, the appellant was precluded by the 62nd Section of the Negotiable Instruments Act, May 16, 1901, P. L. 194, Ch. I. Art. V, 56 P. S. 153, which reads: "The acceptor, by accepting the instrument engages that he will pay it according to the tenor of his acceptance, and admits: 1. The existence of the drawer, the genuineness of his signature, and his capacity and authority to draw the instrument, and, 2. The existence of the payee and his then capacity to endorse."

The order of the lower court is affirmed, appellant to pay the costs.