## Dash, Appellant *v.* Weber.

Argued March 29, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Oscar Rosenbaum,* for appellant.

240

*L. D. Biele,* with him *Lipsius, Biele & Lipsius,* for appellee.

OPINION BY ROSS, J., July 20, 1950:

The plaintiff, a contractor, sued the defendant in assumpsit for work done and on April 14, 1949, the jury returned a verdict in favor of the plaintiff. Defendant's motions for a new trial and judgment n. o. v. were dismissed and judgment was entered on the verdict. Later, the defendant presented a petition for reargument of his motions with a stay of proceedings, an order was made thereon granting the prayer of the petition and subsequently a new trial was granted. It is from the order granting a new trial that the plaintiff appeals.

The appeal involves a procedural question : the power of the court below to grant the new trial. In determining this question the only matters before us are the docket entries, the petition for reargument, the answer thereto and the order on the petition.

The defendant's motions for new trial and judgment n. o. v. were dismissed on June 28, 1949 and judgment on the verdict for the plaintiff entered on the same day. This was within the June term of Municipal court. The July term began on the first Monday of July 1949, which was July 4. The order granting reargument with a stay of proceedings is dated July 18, 1949, and according to the docket entries, was filed the next day. There is nothing in the record before us to show that during the June term the court below retained any control over the judgment and there is no allegation of fraud or irregularity in securing the judgment. The petition for reargument sets forth no *specific* reasons therefor ("... your petitioner respectfully requests, in the interest of justice and the exercise of . . . sound discretion, that your Honorable Court grant a reargument . . .") and the plaintiff's answer thereto is confined to the legal question of the court's power on July 18 to order a reargu-

ment and stay the proceedings. "In the absence of an allegation of fraud or its equivalent, the common law power of the court below to set aside the judgment . . . and grant a new trial expired with the end of the term at which the judgment was entered." *Com. v. Carpenter,* 163 Pa. Superior Ct. 30, 31, 60 A. 2d 407.

This appeal is ruled in favor of the plaintiff-appellant by *Phila. Sub. Transp. Co. v. DiFrancesco,* 362 Pa. 326, 66 A. 2d 254. There, as here, a motion for a new trial was dismissed and judgment entered on the verdict at one term of court and during the next term of court the court below ordered a reargument of the motion disposed of in the preceding term and subsequently granted a new trial. It was held that since the court below had done nothing during the one term of court to retain control of the judgment it had no power during the next term of court to grant a new trial. The Supreme Court stated at page 329: "The situation presented by the record on March 2nd was (1) that during December term judgment had been entered and, with the ending of the term, had passed out of the control of the court at the end of that term; and (2) that during the next, or March, term, the court ordered rehearing of the motion finally disposed of in the preceding term. On March 2nd, when the court allowed the reargument of the new trial motion the court had lost control of the judgment entered during the preceding term . . . except for causes not involved in this case, such, for example, as extrinsic fraud . . . or clerical error . . ."

The order granting the new trial is reversed and the record is remitted with instructions to reinstate the judgment for the plaintiff.