## Webb Sons Co., Inc., v. Webber

*Dolnick & Gardner*, for plaintiff.

*Bennett & Bricklin* and *Albert L. Bricklin*, for defendant.

BURCH, J., January 23, 1961.—This is an appeal from an order making absolute defendant's rule to open a judgment which had been taken by default.

The petition to open judgment avers that judgment was entered by default on June 25, 1959, and damages were assessed on December 18, 1959; that the case arises out of a motor vehicle collision in which defendant was not negligent or, in the alternative, that plain-

tiff was guilty of contributory negligence; that upon receipt of the complaint defendant sent the copy served upon him to an attorney, Roger Soens, Esq.; that defendant heard nothing further until receipt of notice for the purpose of assessing damages at which time he again sent the notice which he received to the said Roger Soens and was informed that his interests would be protected; that upon learning that judgment had been entered against him and damages assessed, he engaged other counsel to present the petition to open judgment.

An answer was filed to this petition and depositions were taken of defendant, A. Stanley Webber, and of Roger Soens, Esq. Defendant testified that the accident occurred January 16, 1957, and that when he received notice of a claim several months later, he called at the office of his insurance company and was advised that they would not represent him because of the delay in notifying them of the accident; that a Mr. Brown of the insurance company suggested that he consult Roger Soens, Esq.; that he called on Mr. Soens who agreed to represent him; that when he was served with the complaint he forwarded it to Mr. Soens who told him to "sit tight." Some time later he received a notice of a hearing for assessment of damages and forwarded it to Mr. Soens, and he assumed that Mr. Soens was taking care of his interests. After he received notice that damages had been assessed against him he contacted Mr. Soens, who said: "I assumed that you didn't have anything and I just let them go and take judgment."

Roger J. Soens, Esq., testified that defendant consulted him on this matter, that he knew plaintiff and thought that he might persuade him to drop the case and that plaintiff led him to believe that the case would go no further. He admitted that defendant sent him a copy of the complaint which he did not return to plain-

tiff and that plaintiff also sent him a notice of the hearing for the purpose of assessing damages. He testified:

"As I said, in my mind, the idea was not to do anything under our original plan because we were not—he was not financially responsible, and he couldn't make any other arrangements, and that seemed the thing to do. Unfortunately, in his mind he could have very well thought I was representing him and everything was being taken care of."

This is not a case of mere oversight of counsel. It is rather a case of serious neglect. Mr. Soens owed defendant a duty even though he received no fee. He was not justified in accepting the complaint sent by defendant and then allowing judgment to be entered against defendant because he thought defendant had nothing or because he assumed plaintiff would not prosecute further. In extenuation, there is the testimony of Mr. Soens that he spoke to plaintiff who led him to believe that the matter would go no further. Plaintiff did not take depositions, and the testimony of Mr. Soens is uncontradicted.

Usually one who selects an agent must suffer the consequences of his agent's neglect. But Roger J. Soens is an officer of the court. He was recommended to defendant by his insurance carrier. Defendant had a right to rely on the assumption that Mr. Soens would protect his interests. We are of the opinion that in the interest of justice this judgment should be opened and defendant let into a defense.

*Final Order*

October 26, 1960. Rule absolute to open judgment.