Charles J. Webb Sons Co., Inc., Appellant,
*v.* Webber.

Argued March 21, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*P. Breen,* with him *Dolnick & Gardner,* for appellant.

*Albert L. Bricklin,* with him *Bennett & Bricklin,* for appellee.

OPINION PER CURIAM, April 13, 1961:

The Order of the Municipal Court of Philadelphia County is affirmed on the opinion of Judge FRANCIS F. BURCH for the court below, reported at 23 Pa. D. & C. 2d 568.

DISSENTING OPINION BY MONTGOMERY, J.:

I respectfully dissent in this matter. The majority of this Court in affirming the lower court and adopting its opinion assigns as the reason for opening plaintiff's judgment against defendant that defendant's counsel was chargeable with "serious neglect" of his duties to defendant. I fail to find evidence of such serious neglect. On the contrary, the defendant neglected to take the simplest precautions to protect his rights and is the one principally responsible for his predicament.

After having an accident on January 16, 1957, defendant failed to report it to his insurance carrier until after the period allowed by the insurance contract had expired. When the company refused to represent him for that reason and told him to secure private counsel and, at his request, suggested Roger Soens, Esq., he went to see Mr. Soens with a letter from plaintiff's attorney threatening suit.

The depositions taken by plaintiff indicate that Mr. Soens suggested that the defendant settle the claim or, in the alternative, retain a lawyer, pay a fee, and be properly represented. Finally, when defendant said he had no money to settle and indicated no desire to hire counsel, Mr. Soens said that he knew the other party and would try to talk him out of suing. This was the only meeting or conversation between the parties.

The accident happened in January, 1957. The meeting between defendant and Mr. Soens was in April, 1957. Two years later (April, 1959), defendant was served with a complaint. Instead of taking it to Mr. Soens, as he should have done since such a long period of time had transpired and he knew that he had not paid him a fee or engaged his services, defendant merely put the complaint in an envelope addressed to Mr. Soens and mailed it. He did not bother to contact Mr. Soens thereafter or to tender him a fee. Even when

he received a notice that damages were being assessed against him, he did nothing but mail that notice to Mr. Soens. It was not until he was advised that judgment had been entered against him that he ever attempted to see or talk to Mr. Soens again.

Although the attorney should have returned the complaint and notice to defendant immediately, which he failed to do, I would not say that the entire blame for the default judgment should be placed at the attorney's door. However, I would not call this a matter of serious neglect on the part of the attorney. It is reasonable that, having received a complaint from a man who had not hired him, he would assume that he would receive a call by telephone or at his office from that man. Since he did not, his failure to return the complaint and notice was in all probability just an oversight, not serious neglect.

However, my reason for dissenting is that the defendant was more neglectful than the attorney. That being the case, he was not entitled to have the judgment opened. It is a general rule that courts will not open judgments where it appears that the applicant has been neglectful of his rights. 7 Standard Pennsylvania Practice §72. Defendant neglected to notify his insurance carrier at the beginning, he refused the advice of Mr. Soens to settle or to engage counsel, he knew of the acquaintance of Mr. Soens with the plaintiff and tried to benefit by it without payment, and finally he neglected to take reasonable steps to protect his rights when he received the complaint and notice.

He says that he assumed that the attorney would protect his rights. I think that he assumed too much and that he has failed to meet his burden of establishing his rights to equitable relief.

I would reverse the order of the lower court opening the judgment.