## Lengyel, Appellant, v. Heidelberg Sports Enterprises.

Argued October 9, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Oran W. Panner,* with him *Thompson Bradshaw,* and *Bradshaw and Panner,* for appellants.

*D. B. Tobe,* for appellee.

*Maurice Louik,* with him *Harrison & Louik,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 12, 1963:

Appellants, owners of a tract of land, filed suit in ejectment against appellees for breach of the terms of a lease. Appellee Heidelberg Sports Enterprises, Inc. (Heidelberg) is the assignee of the lease between appellants and one Henry F. Miller, Jr., and for all prac-

tical purposes, is the tenant of appellants. Appellee Pascoe Motor Company (Pascoe) is a sub-tenant under a separate lease between Pascoe and Heidelberg.

The relevant portion of the basic lease between appellants and Heidelberg in so far as this action affects the sub-tenant, Pascoe, is as follows: "4. The purpose for which this lease is made is the operation of an amusement park or arena for automobile, midget or any other type of racing, soccor, polo or other games and sports, athletic exhibitions and so forth, the sale of food, drinks and like concessions, not necessarily limited to those specifically herein mentioned; provided, however, that no football games, other than soccor, shall be played on the premises, except by teams designated by the Lessor or his appointee."

The complaint pleads that Heidelberg leased a portion of the subject premises to Pascoe as a used car lot in violation of this provision.

Appellants' complaint also alleges a violation by Heidelberg of the following rental clauses of the lease: "5. In consideration whereof, the Lessee covenants, stipulates and agrees to pay unto the Lessor, as rental, the sum of Two hundred (200) Dollars per month from the date when construction of the said park shall begin, or as hereinafter set forth, plus such additional sums as said Two hundred (200) Dollars is exceeded by a percentage of Lessee's gross income, determined as follows: a. Five (5) per cent upon gross sales under all concession granted or run by the Lessee. b. Ten (10) per cent upon the gross receipts, less taxes, from all racing, track or other sports not specifically mentioned, operated or conducted by Lessee, his heirs or assigns. c. Fifteen (15) per cent upon gross rentals to 'outside' promoters, to whom the Lessee is hereby granted the right to sub-lease and rent the said premises upon terms to be determined by an agreement between the Lessee and said 'outside promoters.' "

The complaint further avers that, "in an effort to circumvent the payment of the stipulated rentals, Heidelberg Sports Enterprises, Inc. entered into a written lease with the Pittsburgh Racing Association, Inc., as lessee, as a device to have all racing operations conducted by its sub-tenant . . . ."

The answer of Pascoe admitted its sub-tenancy from Heidelberg, but neither admitted nor denied its right to possession and urged only that its "possession of the premises will be governed by any verdict or by any settlement as to the respective rights of the parties, as determined by the Plaintiffs and the Defendant, Heidelberg Sports Enterprises, Inc."

Heidelberg, in its answer, denied the allegation that the lease with Pittsburgh Racing Association, Inc. (Pittsburgh Racing) was a device to defeat its rental obligation. In other respects, the answer was a general denial. Heidelberg set forth "New Matter" contending that any dispute was required to be submitted to arbitration under the basic lease.

Appellants moved for judgment on the pleadings, and the matter came before the court en banc. Appellees were not represented at oral argument, and no briefs were filed on appellees' behalf. Acting pursuant to local rule 21 (b), the court entered judgment on the pleadings on March 28, 1962, without benefit of briefs or oral argument by appellees' counsel.

In granting the motion for judgment on the pleadings, the court below went beyond the pleadings and concluded: "The complaint further alleges that Heidelberg Sports Enterprises, Inc., in order to defeat the rental provisions contained in Paragraph 5 of the lease, has entered into a second lease with another corporation *controlled by it*." (Emphasis supplied.) The complaint does not allege control over the sub-tenant, nor was there anything in the record then before the court to justify that inference. The court reached this con-

clusion on the basis of ex parte argument by counsel for appellants. The court also rejected the position asserted by Heidelberg's "New Matter" that the terms of the lease required that the matter first be submitted to arbitration. This the court did on the ground that the arbitration clause referred only to "interpretation of the terms of the lease," and no interpretation was in dispute.

On May 3, 1962, with notice to appellants, new counsel for Heidelberg filed a petition to open the judgment, to re-argue, and for leave to file an amended answer to the complaint. The petition pleads no justification for failure to argue or submit briefs, but, otherwise, it is a substantial document asserting equities and defenses.

There is no need to detail the sixty-one paragraphs of the petition. Heidelberg asserted the substantial financial investment of its 561 stockholders in improvements to the leased premises and that the lease to Pascoe was at the behest of appellants and covered only a very small portion of the entire tract, so that whatever breach existed, if any, was not material. The petition further pleads that appellants encouraged the sublease to Pascoe and knowingly received a portion of the rentals paid by Pascoe; that Heidelberg neither controls nor has an interest in the operations of Pittsburgh Racing; and that one Harry Rubins (deceased), a part owner of the tract, was not a party to the action although he (or his estate) is a real party in interest and a necessary party. These are but some of the material allegations of the petition which adds that neither counsel for appellants nor counsel for Heidelberg made these pertinent facts known to the court below at the time of hearing en banc. Attached to the petition to open was a proposed amended answer to the original complaint which set forth substantially the allegations of the petition itself.

On May 4, 1962, Pittsburgh Racing filed its peti-
tion to open judgment and for leave to intervene, mak-
ing its interest a matter of record and alleging much
that supported Heidelberg's position. On the same
date, the court granted a rule to show cause why the
judgment of March 28 should not be opened and why
Pittsburgh Racing should not be granted leave to in-
tervene. Further pleadings were filed by the parties,
and depositions were taken to support the allegations
of the petitions and answers thereto. The record in
this case is lengthy and presents material disputes of
fact.

On February 4, 1963, a second court en banc, in an
opinion by the same judge who had entered the origi-
nal judgment, filed an order making the rule absolute
and permitting Pittsburgh Racing to intervene.

Appellants, for the first time in this litigation, here
urge that the court below had no power to open the
judgment after the court term of its entry had expired.
Rule 153 of the Court of Common Pleas of Allegheny
County fixes four terms of court each year, January,
April, July and October.[1] The judgment on the plead-
ings was entered during the April Term; the petitions
were filed and the rule to show cause granted during
the July Term. To sustain their late presentation of
this question, appellants contend that it goes to juris-
diction over the subject matter, which may be chal-
lenged at any time, even on appeal.

It is well established that ordinarily a court may
not, in a term subsequent to that of entry of final judg-
ment in an adversary proceeding, open judgment. *Hel-
mig v. Rockwell Manufacturing Co.*, 389 Pa. 21, 131 A.
2d 622 (1957); *Philadelphia Suburban Transportation
Co. v. DiFrancesco*, 362 Pa. 326, 66 A. 2d 254 (1949);

---

[1] Appellee Heidelberg disputes the existence of terms of court
in Allegheny County at the time of judgment and the subsequent
rule to open, but this is immaterial in view of our disposition here.

*Klugman v. Gimbel Brothers, Inc.,* 198 Pa. Superior Ct. 268, 182 A. 2d 223 (1962); *Dormont Motors, Inc. v. Hoerr,* 132 Pa. Superior Ct. 567, 1 A. 2d 493 (1938). However, the "term of court rule" does not go to jurisdiction over the subject matter. Its observance is within the limited discretion of the court. *Klugman v. Gimbel Brothers, Inc.,* supra. This rule and its application are the direct result of the desire to bring litigation to a final disposition, ibid., and the designation of terms of court is solely by a mechanical rule of practice. Thus, the "term of court rule" is a rule of procedure, not of jurisdiction over the subject matter. See *Philadelphia Suburban Transportation Co. v. DiFrancesco,* supra, at 327, 66 A. 2d at 255; *Dash v. Weber,* 167 Pa. Superior Ct. 239, 240, 74 A. 2d 758, 759 (1950). Appellants, having failed properly to raise their contention in the court below, have waived the right to present it to this Court. The question and application of the rule are not before us for our consideration. See *Kilian v. Allegheny County Distributors,* 409 Pa. 344, 349, 185 A. 2d 517, 519 (1962).

We cannot agree with appellants that no meritorious defense has been asserted by appellees. Heidelberg's petition to open clearly raises questions of waiver and estoppel against appellants relative to the sublease to Pascoe and of materiality of the breach in view of the small portion of land devoted to the used car lot, even assuming there had been a breach. As to appellants' second allegation of breach, appellees have denied control over Pittsburgh Racing and have insisted that the sub-lease to Pittsburgh Racing was in compliance with paragraph 5(c) of the lease.[2] In addition, as previously observed, the original court en banc reached its conclusion on this point after considering matters outside the record, since the complaint did not allege control.

---

[2] This clause is quoted above.

Under these circumstances, coupled with the threat of forfeiture of substantial investments by appellees and intervenor and the alleged absence of a necessary party, it was not an abuse of discretion to open the judgment.

Appellants urge that appellees did not proceed with due diligence. Again, we do not agree. The judgment was entered March 28, 1962, and the petitions to open were filed the first week in May. We cannot, as a matter of law, conclude that this lapse evidences lack of due diligence, especially when the record, as substantial as it is, shows no prejudice or change of position on the part of appellants. See *Vallish v. Rapoport,* 364 Pa. 25, 30, 70 A. 2d 616, 618 (1950). We observe that during this period, appellants made no effort, or at least the record reveals none, to execute on their judgment.

Appellants further contend that the court below erred "by holding that the interpretation of terms of a written lease pertaining to payment of rent and subleasing raised questions of fact to be decided by a jury rather than questions of law for a court alone to decide." However, the court did not so hold. After consideration of the facts presented to it, the court concluded: *"These and other facts indicate that a jury should decide the case."* (Italics in the original.) The record supports this conclusion. The court below gave no indication as to which questions should be sent to a jury and which should be decided by a court as a matter of law. There was no need to do so at this point.

Finally, appellants urge that the intervening party will not be prejudiced by a reinstatement of the judgment because appellants, in their amended answer to intervenor's petition, offer to treat Pittsburgh Racing as their own tenant for the duration of the sub-lease. Such an offer is indeed premature since it has yet to

be determined whether or not appellants are entitled to possession. Secondly, the intervenor has no obligation to accept such an offer, and, thirdly, such an offer overlooks intervenor's obligation on its lease with Heidelberg. It follows that the interest of the intervenor is not moot as appellants contend, and that the court did not err in permitting the intervention, especially since the court correctly exercised its discretion in opening the judgment as to the original parties of record.

The order opening judgment and permitting intervention is affirmed.