## Thorn, Appellant, *v.* Clearfield Borough.

Argued November 10, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph S. Ammerman,* for appellants.

*Richard A. Bell,* with him *Bell, Silberblatt & Swoope,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 22, 1966:

Appellants commenced an action of trespass by filing a praecipe for a writ of summons on December 13, 1962. On July 24, 1963, after service of the writ, appellee ruled appellants to file a complaint within 20 days or suffer a judgment of non pros. On November 22, 1963, a judgment of non pros. was entered.

Appellants then filed a petition to strike the judgment of non pros. Appellee answered the petition and a hearing was held. After the testimony was heard and considered, the court below entered an order denying the motion to strike the judgment.* This appeal followed.

A petition to open a judgment is an appeal to the equitable side of the court, and the petition must establish equitable considerations which convince the court that justice would best be served by the striking of the judgment. *McDonald v. Allen,* 416 Pa. 397, 206 A. 2d 395 (1965).

In *Wheel v. Park Building,* 412 Pa. 545, 195 A. 2d 359 (1963), we established the guidelines for opening a judgment by default. In that case, we said that in order for a default judgment to be opened, (a) the petition must be promptly filed; (b) the default or delay reasonably explained or excused; (c) a defense shown to exist on the merits. In a case involving the striking of a judgment of non pros., the same criteria should

---

* Although the petition was to *strike* the judgment, the court below treated it as a motion to *open* the judgment. We also consider it as a motion to open.

apply; (1) the petition should be timely filed; (2) the reason for the default reasonably explained or excused, and (3) that facts constituting grounds for a cause of action be alleged. Our examination of the record in this case convinces us that the above criteria have been met and justice is best served by striking the judgment of non pros. and permitting the case to proceed to trial on its merits.

Appellants were first represented by an attorney in Clearfield County. Within two weeks following the filing of the praecipe, appellants' attorney suffered a "heart relapse" due to an aortic valve disease. The testimony established that the attorney's heart rapidly deteriorated and his ability to perform his professional duties diminished. The testimony also discloses that the attorney was aware of his condition and was greatly frightened by this knowledge and by the news that he had to undergo surgery. The attorney's doctor testified as follows: "I think he was frightened to death, and I don't believe Mr. Kitko knew what he was doing between the time, that is, generally speaking, not specifically, between the time he was told that he had severe heart disease and had to undergo surgery. He was in complete panic, and I don't think Mr. Kitko particularly cared about what his work was. He was just scared to death and rightfully so. I would have been too. . . . I believe Mr. Kitko was in such a state of mind that he was not thinking about his legal work or what he had to do legally. He was thinking in terms of the surgery, heart surgery, and what the future had to offer for him and his family." The doctor also testified that as a result of the attorney's ailment, there was an insufficient supply of blood reaching the brain which affected his cerebration, along with symptoms of dizziness and weakness in the legs.

The testimony clearly establishes that although appellants' attorney did in fact perform some profession-

al duties during the period from the time he was ruled to file the complaint and the time judgment of non pros. was entered, he was not physically capable of performing all of his tasks, and it would appear that his work suffered during this period.

We believe that the diminished health and ability of appellants' attorney, followed by his death, are equitable considerations sufficient to set aside a judgment of non pros., and reasonably explain the reason for the delay in filing the complaint.

Appellants in this case should not be denied their day in court because of the diminished health of their counsel. Appellants had no way of knowing this case was not being diligently prosecuted and should not be made to suffer because of the health of their attorney.

The petition in this case was timely filed less than 90 days after the death of the appellants' counsel, and the petition sets forth facts upon which a cause of action could be based. The equitable considerations in this case convince us that the judgment of non pros. should be opened.

Order reversed and record remanded for proceedings consistent with this opinion.