**DESIGN AND DEVELOPMENT, INC.**
v.
**VIBROMATIC MANUFACTURING, INC. et al.**
**Civ. A. No. 72-1212.**

United States District Court,
E. D. Pennsylvania.

Jan. 17, 1973.

A. H. Wilcox, Philadelphia, Pa., for plaintiff.

Joseph D. Shein, Philadelphia, Pa., for defendants.

## OPINION

LUONGO, District Judge.

Defendant, Salem H. Lumish, has moved for relief from judgment under Rule 60(b), and for a stay of proceedings under Rule 62(b) and (f), F.R.Civ. P. The judgment, entered by default, was obtained in a suit instituted by plaintiff, Design and Development, Inc., against Vibromatic Manufacturing, Inc., Alfred B. Howe and Lumish to enforce a settlement agreement which terminated a prior suit. (Design and Development, Inc. v. Vibromatic Manufacturing Company, Inc., Civil Action No. 71–582, E.D.Pa.) The settlement agreement provided for the delivery by Vibromatic of two promissory notes, in the principal amounts of $10,000 and $5,000, payable on June 15, 1972. Pursuant to the settlement agreement, various individuals, among them Howe and Lumish, jointly and severally guaranteed payment of the $10,000 note, and agreed to pay a reasonable attorney's fee and court costs in the event of Vibromatic's default. Vibromatic defaulted on the payment of both notes on the June 15, 1972 due date. The individual guarantors having failed to make payment, this suit was instituted. The complaint was served on Lumish on June 28, 1972. He failed to appear or to answer the complaint and a default judgment was entered against him on August 28, 1972 for the principal amount of the note plus $100 interest, $1,000 attorney's fee and $21.24 in costs.

In his motion, Lumish alleges that a complaint was served upon him on June 28, 1972 "which paper the said Salem H. Lumish did turn over to counsel for VIBROMATIC MANUFACTURING, INC., JACK C. BRISCOE, ESQUIRE, who advised him that '. . . he had nothing to worry about.'" Lumish alleges further that he "has a good and valid defense to the said claim of DESIGN AND DEVELOPMENT, INC. in that he relied upon counsel for VIBROMATIC MANUFACTURING, INC. and did not have individual legal representation and was, therefore, not completely aware of the legal consequences of his actions. In addition, the said SALEM H. LUMISH avers that DESIGN AND DEVELOPMENT, INC. did not properly perform their (sic) contract." [Motion for Relief From Judgment . . ., pp. 2–3]

Rule 60(b) permits relief from a final judgment on the grounds of (inter alia): "(1) mistake, inadvertence, surprise, or excusable neglect," or "(6) any other reason justifying relief from the operation of the judgment." A good excuse for the default must be shown, Wagg v. Hall, 42 F.R.D. 589 (E.D.Pa. 1967), as well as a meritorious defense. Kulakowich v. A/S Borgestad, 36 F.R.D. 185 (E.D.Pa.1964), see Wagg v. Hall, *supra.*

Lumish's claim that he relied on the representations of Vibromatic's attorney that he "had nothing to worry about" does not clearly qualify as a ground for relief from judgment, see Webb Sons Co., Inc. v. Webber, 23 Pa. Dist. & Co.R.2d 568 (M.C.Phila.), aff'd per curiam, 194 Pa.Super. 614, 169 A. 2d 604 (1961). Nevertheless, because the law favors disposition of claims on the merits, the reason advanced might be accepted as justification for the exercise of the court's discretion to open the judgment if, in fact, defendant's motion sets forth facts establishing a valid defense to the merits of plaintiff's claim. An examination of the motion, however, fails to reveal the existence of a valid defense and the motion for relief will therefore be denied.

Lumish's motion sets forth two possible bases for a defense on the merits. The first is his allegation that "he relied upon counsel for [Vibromatic] and did not have individual legal representation and was, therefore, not completely aware of the legal consequences of his actions." It is quite clear that, absent an allegation of incompetence or fraud, under Pennsylvania law unawareness of the legal consequences of one's actions is not a defense to a suit brought on a written contract. See Pittsburgh Valve Foundry & Const. Co. v. Klingelhofer, 210 Pa. 513, 60 A. 161 (1904). If Lumish failed to engage his own counsel (as distinguished from counsel for Vibromatic), that is an indication that he ·,as relying upon his own ability and

intelligence in signing the settlement agreement. As the Pennsylvania Supreme Court stated in Schoble v. Schoble, 349 Pa. 408, 411–412, 37 A.2d 604, 605 (1944):

"A person of age is presumed to know the meaning of words in a contract, and if, relying upon his own ability, he enters into an agreement not to his best interests he cannot later be heard to complain that he was not acquainted with its contents and did not understand the meaning of the words used in the instrument which he signed: First Nat. Bk. & Tr. Co. v. Shaffer, 338 Pa. 244, 248 [12 A. 2d 916]."

The other possible basis for defense, as disclosed by the motion, is the allegation that plaintiff, Design and Development, Inc., "did not properly perform their (sic) contract." This is an attempt to go beyond the settlement agreement and to revive the controversy encompassed in the prior litigation. Such a defense is clearly barred by the release contained in the settlement agreement which provided in paragraph 4:

"D & D [Design and Development, Inc.] and Vibromatic each hereby release the other from any and all claims which it has had, now has, or hereafter may have against the other arising out of the events complained of in, or which could have been raised in, the Action."

Although Lumish is not entitled to have the judgment opened, his motion has brought to light the fact that the default judgment was entered for an incorrect amount. Rule 55(b) provides:

"Rule 55. Default

\*  \*  \*  \*  \*  \*

(b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and

upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person."

In this case it was proper for the clerk to enter judgment for the principal amount ($10,000), plus interest at the legal rate of 6% from the date of default to the date of entry of the default judgment ($100), and for costs ($21.24), for they were "for a sum certain or for a sum which could by computation be made certain." The same is not true, however, of the amount ($1,000) assessed for attorney's fee. There is no provision in the note or the guarantee agreement specifying any percentage of the amount to be collected as the amount of the attorney's fee. The guarantee agreement simply provides for "reasonable attorney's fees for collection," and what is a "reasonable" fee may only be determined after hearing. The default judgment will, accordingly, be modified to eliminate the amount assessed for attorney's fee, with leave to plaintiff to seek a determination as to the amount of such fee, after hearing.