**Rice v. Reigh**

Before Eshelman, P. J., Bertolet and Edenharter, JJ.

*Arthur Ed. Saylor,* for plaintiffs.

*Robert I. Cottom, Jerome R. Smith* and *Richard A. Bausher,* for defendants.

BERTOLET, J., May 25, 1973.—Plaintiffs commenced their action by causing a writ of summons in trespass to be issued on August 9, 1971.

On November 8, 1971, counsel for defendant Youngberg filed a praecipe to the prothonotary to issue a rule on plaintiffs to file a complaint within 20 days from service or suffer a judgment of non pros. Proof of service of mailing the same to plaintiffs' attorney on November 9, 1971, was duly filed.

Thereafter, while plaintiffs' Allentown counsel was negotiating with defendant Youngberg's Philadelphia counsel and the latter had agreed to a two weeks extension of time to the former to file a complaint, the local lawyers for all of the defendants, on December 10, 1971, joined in entering a judgment of non pros against plaintiffs. Counsel for the last two above-named defendants had entered their appearance but two minutes before the judgment of non pros was entered. Defendant Youngberg was the only defendant to have caused a rule to be issued on plaintiffs to file a complaint. There was no notice or warning to plaintiffs' counsel of defendants' intentions to take a default judgment of non pros. Defendant Youngberg's local and Philadelphia counsel filed an answer to the petition to open, admitting all of the allegations of the petition and praying the court that the petition to open the judgment be granted for the reasons set forth in it.

We are of the opinion that the petition to open was timely filed on February 23, 1972, much of the intervening period between that date and the entry of the

default judgment being consumed in negotiations to have the judgment opened amicably. In Thorn v. Clearfield Borough, 420 Pa. 584 (1966), the court indicated that 90 days was a reasonable time.

We are further of the opinion that under the facts outlined above, the reason for the default is reasonably explained or excused.

We recognize that the petition to open the judgment makes no attempt to allege facts constituting grounds for a cause of action. We are of the opinion that this should not be considered as rendering the petition defective for the reason that plaintiffs may require further information from defendants before they can prepare a complaint and the validity of the complaint can be tested in the usual manner after it is filed. See Kraynick v. Hertz, 443 Pa. 105 (1971), where the court said, at page 109: "unlike assumpsit actions, a meritorous defense need not be demonstrated in order to open a default judgment in a trespass action if the equities are otherwise clear," apparently overruling a contrary rule stated in Thorn v. Clearfield Borough, supra, where, however, the language stating the necessity for alleging facts constituting grounds for a cause of action in the petition to open was really obiter to the issues on which that case was decided.

We note that on April 30, 1973, two days before the argument in the instant matter, the aforementioned Philadelphia counsel filed new matter now asking that the petition to open be dismissed because of plaintiffs' want of diligence subsequent to the filing of the petition, including the failure of all counsel to accept his invitation to come to Philadelphia to take depositions and attend a Philadelphia Phillies baseball game. While we might be impressed if he had offered to come to Reading where most of the counsel involved are located, we are not persuaded by his allegations which

are presented without opportunity to plaintiffs to explain or deny.

For the foregoing reasons, we affirm the actions of the court en banc on May 2, 1973, in opening the default judgment of non pros and permitting plaintiffs to file a complaint.