Fredley *v.* Crandall Filling Machinery, Inc., Appellant.

Argued April 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*George I. Buckler,* with him *Meyer, Darragh, Buckler, Bebenek & Eck,* for appellant.

**532**

*William A. Weiler,* for appellee.

OPINION BY WATKINS, P.J., June 24, 1975:

This is an appeal from an order of the Court of Common Pleas, Civil Division, of Allegheny County, vacating a judgment entered on the pleadings on a rule to show cause why the judgment should not be opened.

The appellant-defendant, Crandall Filling Machinery, Inc., was sued by the appellee-plaintiff, Errol Fredley, for injuries sustained by him while working on a can filling machine manufactured by Crandall. The complaint had three prongs—one was for breach of warranty, one in strict liability and one in negligence. The appellant averred that the strict liability and negligence contentions were barred by the statute of limitations and that the averment of breach of warranty was barred because there was a lack of privity between the appellee, an employee of the purchaser, and the appellant, a manufacturer.

Appellant moved for judgment on the pleadings. The motion was argued before the court en banc below on June 11, 1973. The court entered judgment on the pleadings on July 6, 1973, holding that the statute of limitations barred the negligence and strict liability averments and the breach of warranty complaint was barred because of lack of privity, under *Hochgertel v. Canada Dry Corporation,* 409 Pa. 610, 187 A. 2d 575 (1963).

On June 14, 1973, this Court filed its opinion in *Salvador v. Atlantic Steel Boiler Co.,* 224 Pa. Superior Ct. 377, 307 A. 2d 398 (1973), which abolished the requirement of privity. On Allocatur, the Supreme Court of Pennsylvania affirmed this Court in *Salvador v. Atlantic Steel Boiler Co.,* 457 Pa. 24, 319 A. 2d 903 (1974), which was filed May 22, 1974, and which clearly overruled *Hochgertel,* supra. The Supreme Court held that vertical privity in an action for breach of warranty was abolished by *Kassab v. Central Soya,* 432 Pa. 217, 246 A. 2d 848

(1968) and that the "theoretical foundation which once supported horizontal privity has been undermined; we hold that lack of horizontal privity itself may no longer bar an injured party's suit for breach of warranty." The Supreme Court clearly put *Hochgertel,* supra, to rest in *Salvador,* supra, by holding at page 33:

"Though we must overrule Hochgertel, this is not an occasion when a court reexamines its precedents and finding them in error returns to a 'correct' view. On the contrary, as we have said, when Hochgertel was decided it was clearly the appropriate accommodation between the law of torts and the law of contracts. Since then Pennsylvania products liability law has progressed, and demands of public policy as well as legal symmetry compel today's decision."

There is no question that judgment on the pleadings was entered by the court below without knowledge of the change in the law occasioned by *Salvador,* supra. This was also true of counsel which explains why no appeal was taken from entry of judgment on the pleadings. In fact, no action was taken until October, 1973, when appellee filed his rule to show cause why the judgment should not be opened. A few days later on October 16, 1973, before the respondent had answered and without hearing, the court below, sua sponte, entered its order vacating the judgment on the pleadings as to the breach of warranty. In its amended opinion, the court below cited *Salvador,* supra, as creating an extraordinary situation which required the court's action.

The appellant contends that the court below erred in failing to follow the general rule that a judgment entered on adverse proceedings, not appealed from, may not be opened or set aside after the term of court in which it was entered in the absence of fraud or other sufficient grounds for equitable relief. *York v. George,* 350 Pa. 439, 39 A. 2d 625 (1944) ; *Klugman v. Gimbel Brothers, Inc.,* 198 Pa. Superior Ct. 268, 182 A. 2d 223 (1962). Judg-

ment on the pleadings is a judgment entered on adverse proceedings. *Citizens Bank of St. Clair v. Gwinner*, 112 Pa. Superior Ct. 12, 170 A. 471 (1934).

Allegheny County Local Rule No. 199 establishes the terms of court as beginning the first Monday in January, April, July and October. So the judgment on the pleadings was entered during the July term and was vacated after the term had ended and the October term had begun. The issue here is whether the discovery of this court's opinion and subsequent filing of the rule after the term of court had expired is sufficient "fraud or extraordinary circumstances" to justify setting aside the judgment on the pleadings.

*Klugman*, supra, cited by both sides, sets forth a line of cases which established a rule that "in no case is ignorance or mistake of law, with the full knowledge of the facts, per se, a ground for equitable relief." *Klugman*, supra, at page 273. *Hochgertel*, supra, was still the law when the motion for judgment on the pleadings was argued on June 11th and still the law until June 14th when *Salvador*, supra, was filed. The court en banc below did not have notice at that time of the law by *Salvador*, supra, and neither did counsel so that we find this created extraordinary circumstances calling for equitable relief.

In *Lengyel v. Heidelberg Sports Enterprises*, 412 Pa. 512, 194 A. 2d 869 (1963), the Supreme Court said that the term of court rule does not go to the jurisdiction of the subject matter, but is a rule of procedure. Its observance is within the limited discretion of the court.

It is true that the passage of time from the entry of judgment on July 6, 1973, to the filing of the rule on October 11, 1973, which called the matter to the attention of the court below is far from the diligence required in ordinary cases of opening judgments but the delay by counsel in this case and the failure of the court below to have knowledge of *Salvador*, supra, on July 6th repre-

sents such unusual circumstances that this delay should not penalize the litigant where a meritorious complaint is so apparent on the record.

The reason for the rule is the desire to bring litigation to a final disposition and the "term of court rule" is a mechanical rule of practice to bring about that result. We have to weigh, then, the desire for finality of judgments against the limited discretion of courts to grant equitable relief under the extraordinary circumstances that appear in this case. We find that the opening of the judgment under the unusual circumstances of this case was a valid exercise of the court's limited discretion.

Order affirmed.