## Fishman v. Pennsylvania National Life Insurance Company

*Benjamin Pomerantz,* for petitioner.
*Jonathan Wheeler,* for defendant.

KALISH, *J.,* January 6, 1976.—This matter comes before the court on plaintiff's petition to open judgment on the pleadings entered in favor of defendant on July 10, 1975. Pursuant to the order of this court, depositions were taken on the allegations raised in plaintiff's petition and subsequently filed.

On April 22, 1974, plaintiff commenced this suit by filing a complaint in assumpsit seeking benefits allegedly due him under a policy of accident and health insurance issued by defendant insurance company. By agreement of counsel, defendant filed its answer and new matter, endorsed with a notice to plead, on June 18, 1974. Plaintiff subsequently filed his reply on July 8, 1974, within the requisite

20-day period. Defendant's interrogatories to plaintiff were filed July 19, 1974. No answers appear of record, although plaintiff has testified he answered them after consulting with his counsel and that he believed they were filed. Thereafter, on January 24, 1975, defendant filed a petition to amend its answer and new matter. This petition, *being deemed uncontested because no answer was filed,* was granted by order of this court (Hirsh, J.) on January 30, 1975. Defendant's amended answer and new matter, containing a notice to plead, was subsequently filed on February 13, 1975. Plaintiff failed to file a reply. On June 16, 1975, defendant moved for judgment on the pleadings predicated upon the admissions deemed made by the failure of plaintiff to respond to its amended new matter. This court (Hirsh, J.) granted defendant's motion on July 10, 1975, in an *uncontested proceeding,* and judgment was thereupon entered. Plaintiff present counsel filed the instant petition to open two weeks later.

The uncontradicted testimony of plaintiff shows that, at the time he instituted suit, he was being represented by Malvin L. Skaroff, Esq. Subsequently, around July of 1974, Skaroff told plaintiff he no longer wished to continue with the case. Plaintiff then secured new counsel, Labrum Shuman, Esq., in August or September of 1974 and delivered the file to him. After approximately one month, in October of 1974, plaintiff called Shuman to find out what was being done about his case. At that time, Michael Medway, Esq., informed plaintiff that Mr. Shuman had moved to another office and that he, Medway, was "handling those cases that were Mr. Shuman's before." Thereafter, ac-

cording to his testimony, plaintiff tried on "many" occasions to contact Mr. Medway by telephone and personal visits to his office. His testimony indicates he was totally unsuccessful in his attempts at reaching Mr. Medway until July of 1975, when he picked up his file and took it to his present counsel.

During this time, deposition notices had been sent to *Mr. Skaroff*, who remained as *counsel of record*. These notices were seemingly forwarded to plaintiff who, in turn, forwarded them to Mr. Medway. By letter of *March 31, 1975*, addressed to Malvin L. Skaroff, Esq., defendant's counsel acknowledged a continuance of the deposition scheduled for *March 27, 1975*, to May 1, 1975. Thereafter, on April 22, 1975, plaintiff wrote to defendant's counsel and requested another continuance because he was *"in the process of securing a lawyer."* Defendant's counsel replied to plaintiff's letter on April 22, 1975 as follows:

"I have received your letter of April 22, 1975, requesting a continuance of your deposition which was scheduled for Thursday, May, 1975, at 10:00 A.M., in this office. As you know, your deposition was previously scheduled for Thursday, March 27, 1975. Shortly prior to that day we received a request from Michael Medway, Esquire, who stated that he had been requested to represent you in this matter, but had decided not to do so. *He stated that he was returning this file to Malvin Skaroff, Esquire, your attorney of record, and requested that we postpone the deposition for one month to permit him to transfer the file back to Mr. Skaroff.*

"We agreed to continue the deposition for a period of one month, but advised him that we would agree to no further continuances. Accordingly, we

must decline your request to continue the deposition scheduled for May 1, 1975 at 10:00 A.M., in this office.

"Please be advised that should you fail to appear for this deposition as scheduled, we shall have no alternative but to apply to the court for an order requiring you to appear for deposition or suffer dismissal of your action." (Emphasis supplied).

Two months later, defendant moved for judgment on the pleadings after notifying plaintiff and his *counsel of record* (Skaroff), by letter. Plaintiff testified he could not remember what he did with the letter, but believed he contacted Skaroff and Medway about it. He does not recall instructing either attorney to request an extension of time for filing an answer to the motion.

As with other judgments, a judgment on the pleadings may be opened in a proper case: Iacoponi v. Plisko, 412 Pa. 576, 195 A.2d 362 (1963); Lengyel v. Heidelberg Sports Enterprises, 412 Pa. 512, 194 A.2d 869 (1963); Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312, 124 A.2d 412 (1956).

The petition to open, being an appeal to the equitable side of the court, must establish equitable considerations which convince the court that justice would best be served by opening the judgment: Kraynick v. Hertz, 443 Pa. 105, 277 A.2d 144 (1971); Carrier v. William Penn Broadcasting Company, 426 Pa. 427, 233 A.2d 519 (1967); McDonald v. Allen, 416 Pa. 397, 206 A.2d 395 (1965).

In addition, certain minimal criteria must be established before the court will grant the relief sought. Here, where the judgment on the pleadings was entered by way of default, plaintiff-petitioner must show that: (1) His petition was promptly filed;

(2) circumstances exist which explain the default; and, (3) that he has a valid cause of action. See, generally, Thorn v. Clearfield Borough, 420 Pa. 584, 218 A.2d 298 (1966).* We believe he has satisfied all three criteria.

Defendant was granted judgment on the pleadings in an uncontested proceeding, because of the failure of plaintiff to file a reply to its *amended* new matter. Plaintiff *had* filed his reply to the original new matter contained in defendant's original answer to the complaint, but his failure to respond to the amended new matter was deemed an admission of the averments contained therein and sufficient *to* sustain a judgment against him.

At the time judgment was moved for by defendant, plaintiff's original counsel, Malvin Skaroff, Esq., was notified. It is clear from the record that he took no steps to avoid entry of the judgment or seek *an extension of time to file a response.* Plaintiff attempted to contact Michael Medway, Esq., about the motion as well, but to no avail. It is evident, however, that Medway was no longer representing

---

*In Thorn, our Supreme Court was faced with a judgment of non prosequitur. In considering whether to open the judgment, the court made the following analysis:

"In Wheel v. Park Building, 412 Pa. 545, 195 A.2d 359 (1963), we established the guidelines for opening a judgment by default. In that case, we said that in order for a default judgment to be opened, (a) the petition must be promptly filed; (b) the default or delay reasonably explained or excused; (c) a defense shown to exist on the merits. In a case involving the [opening] of a judgment of non pros., the same criteria should apply; (1) the petition should be timely filed; (2) the reason for the default reasonably explained or excused, and (3) that facts constituting grounds for a cause of action be alleged": 420 Pa. at 585-86, 218 A.2d at 299.

We believe similar considerations should control here.

plaintiff at this time but had already declined the case and had supposedly *returned* the file to Skaroff. Although Skaroff had told plaintiff he did not wish to continue with the case, *he never filed a petition for withdrawal with the court,* nor had any other attorney entered a formal appearance on behalf of plaintiff. He continued to receive all notices and correspondence concerning the case and doubtless was aware of defendant's motion. As an officer of the court, his duty was to make sure his client was being protected.

We are of the opinion that plaintiff should not be denied his day in court because of the failure of counsel to take action on his behalf. The circumstances evident in this case present sufficient equitable grounds to warrant opening the judgment. See, C. J. Webb Sons Company, Inc. v. Webber, 23 D. & C. 2d 568 affirmed per curiam, 194 Pa. Superior Ct. 614, 169 A.2d 604 (1961). See also, Manson v. First National Bank, 366 Pa. 211, 77 A.2d 399 (1951); Poluka v. Cole, 222 Pa. Superior Ct. 500, 295 A.2d 132 (1972); Borjes v. Wich, 171 Pa. Superior Ct. 505, 90 A.2d 288 (1958). No prejudice is worked on defendant in opening the judgment and having the case decided on the merits. If its defenses are worthy, the same result will obtain.

Further, the petition to open was timely filed, less than two weeks after entry of the judgment and incorporates facts upon which the cause of action is based. Whether plaintiff will prevail will be determined in a future proceeding. He should, however, have the opportunity of responding to the additional defense raised by defendant and a hearing on the merits.

Accordingly, the court enters the following

## ORDER

And now, January 6, 1976, it is hereby ordered and decreed that plaintiff's petition to open judgment on the pleadings is granted and plaintiff has 30 days from the date of this order in which to file a reply to defendant's amended answer and new matter.