## Wienckowski v. Widdoes

*Vram Nedurian, Jr.,* for plaintiff.
*Paul Swerdlow,* for defendant Widdoes.

JEROME, *J.*, September 29, 1977—The above matter came before the court on the petition of defendant, H. Donald Widdoes, in the nature of a motion to strike off a judgment entered against him following a hearing before a board of arbitrators. The basis for the relief sought is alleged to be lack of due process. Specifically, it was alleged that the omission by plaintiff of a notice to defend in the complaint constitutes sufficient defect to warrant striking the judgment. In addition, allegations as to improper amendments allowed by the arbitrators and general misconduct on the part of the arbitrators was such as to warrant the striking of the judgment.

Before considering the arguments raised by defendant, Widdoes, it is necessary to review the history of the case.

The matter involves a property damage claim for damages caused in an automobile accident on January 24, 1976. Plaintiff's automobile was stopped due to a mechanical problem when it was alleged that defendant, Widdoes, ran his jeep automobile into the rear of plaintiff's automobile. At the same time, defendant, Volk, was also operating a car in the vicinity and plaintiff alleged that his driving the car too slowly might have contributed to the accident and therefore brought him into the case.

Initially plaintiff sued defendant, Widdoes, before a district justice. He obtained a verdict and on July 29, 1976, defendant, Widdoes, filed a notice of appeal together with a praecipe to the prothonotary to enter a rule on plaintiff to file the complaint. Copies of this appeal notice were then served by defendant, Widdoes, on the district justice and plaintiff.

Subsequent thereto, plaintiff filed a complaint including not only defendant, Widdoes, but also bringing into the matter for the first time defendant, Volk, under the theory mentioned above. The complaint was served on defendant, Widdoes, by plaintiff's counsel by mailing it to his home. This was done on August 23, 1976. An affidavit of service is included in the record papers.

On September 16, 1976, interrogatories were filed against defendant, H. Donald Widdoes, by plaintiff. Service was made by certified mail. The notice requested an answer under oath within 20 days of service. These interrogatories were never answered.

An arbitration hearing was then scheduled for December 14, 1976. Notice of the time and place of the arbitration hearing was served upon defendant, Widdoes, by plaintiff's counsel. The letter was sent on December 3, 1976, by certified mail. An affidavit of service with a copy of said letter was included in the record papers.

The hearing before the arbitration panel took place on December 14, 1976. Defendant, Widdoes, did not appear nor was he represented by counsel. Defendant, Volk, did appear with his counsel. Following the hearing, the arbitration panel on December 16, 1976, rendered an award in favor of plaintiff and against defendant, Widdoes, alone in the amount of $1,003.

Notice of the entry of the arbitration award against Widdoes was given him by the prothonotary in accordance with Pa. R.C.P. 236(a)(2), which was docketed by the prothonotary. The written report and award of the arbitration panel was mailed by the chairman of the said panel to the defendant, Widdoes, on December 16, 1976.

No appeal was taken from the award by Mr. Widdoes. Apparently defendant, Widdoes, was an uninsured driver operating a leased uninsured vehicle. On January 6, 1977, plaintiff's counsel wrote to defendant, Widdoes, informing him of the judgment and also informing him that unless it was paid his license was in jeopardy of being suspended. Defendant, Widdoes, admits receiving said letter and also admits that it was received within a time period permitted for an appeal of the arbitrator's award. Subsequent thereto, defendant, Widdoes, received similar notification from the State. No action was taken, however, until May 3, 1977, when the petition and rule which are now before the court were filed. Although the matter was originally scheduled for testimony the parties decided to take no testimony or depositions and submitted the matter to the court on oral argument.

As indicated previously, the first argument raised is that the complaint was defective in that it violated Pa. R.C.P. 1018.1. A review of the complaint supports defendant's contention that no notice to defend was attached in compliance with the rule. We, however, do not agree with defendant's contention that this constitutes a jurisdictional defect. Mr. Widdoes had already entered his appearance in this matter by taking the appeal from the district justice. Further, no default judgment was taken nor could one properly have been taken under Pa. R.C.P. 1045(a). It was argued by the defendant that the purpose of the rule was to aid those uneducated, uninformed and unsophisticated so that they would not find themselves jeopardized. As indicated, no default judgment was taken here and certainly defendant

would not appear to be of the class intended to be protected by the rule. He was sophisticated enough to obtain continuances before the justice of the peace, to attend the justice of the peace hearing and defend his case, to obtain the appeal papers, to take the appeal, to rule plaintiff to file the complaint, to serve the rule on plaintiff and to file an affidavit of service.

It was also argued that no notice of the arbitration hearing was received from the chairman of the panel in violation of Delaware County Local Rule 805. Several cases were cited by defendant as authority for his position that failure to give such notice justifies the striking of the judgment. A review of the cases indicates that common law arbitrations were involved. In addition, no actual notice was received of the hearing. While our local rule puts the onus on the chairman to send notice of the hearing date, failure by him personally to send such notice is not defective where timely notice was sent and received as in this case by plaintiff's counsel. The purpose behind the rule was to insure the receipt of notice. As indicated such notice was received.

An argument was also presented to the court that the board of arbitrators allowed amendments to the pleadings which somehow jeopardized defendant. The argument can be summarized by the following paragraph from defense counsel's brief.

"The letter of December 2, 1976, from Mr. Nedurian to Mr. Widdoes carefully tells defendant of the time and place of the hearing. It also informs him of the physical evidence to be offered against him, advising him of the need for an objection to an offer without formal proof. The letter makes no mention of changing the pleadings from Trespass

to Motor Vehicle Case, nor the consequences that might flow to defendant if the Arbitration Panel held for plaintiff in this case."

Before the arbitration panel a request was made to add the term, "Motor Vehicle Case" to the caption. This was done pursuant to Local Rule 1025(b). It does not constitute an amendment of the pleadings nor change the cause of action. We, therefore, feel that this argument is also without merit.

Defendant also raises several sections of the arbitration statute relating to service of rules of reference, et cetera. It is argued that there was not compliance with these sections. A review of the section clearly indicates that they apply to voluntary arbitration proceedings and did not apply to the compulsory arbitration situation involved herein.

The final argument raised by defendant relates to the alleged misconduct of the board of arbitrators. The basis of the allegation would appear to be the failure of the chairman to send notice and the allowing of the amendment as outlined previously. This conduct is not the type which our courts have found to justify striking a judgment. In reviewing the cases cited by defendant, it would appear that they involve situations where evidence was taken outside of the hearing room without an opportunity to defend or cross-examine.

Judgment entered on in an adverse proceeding, not appealed from may not be opened or set aside after the term of court in which it was entered in the absence of fraud or other sufficient grounds for equitable relief. See Fredley v. Crandall Filling Machinery, Inc., 234 Pa. Superior Ct. 530, 342 A.2d 757 (1975). In the case before us two terms of

court passed following the entry of the award. Before striking judgment our courts have stated that it is only where a defect or irregularity appears upon the face of the record that this might be done. Facts dehors the record do not justify the striking of a judgment. Where there are any issues of fact the application to strike the judgment is not the proper remedy. See Klugman v. Gimbel Bros., 198 Pa. Superior Ct. 268, 182 A.2d 223 (1962).

In the case of Rupert v. Antoun, 81 Dauph. 43 (1963), defendant filed a petition praying that a rule to show cause why a judgment should not be stricken be entered on the basis that it had been for a grossly excessive amount. The rule was discharged since defendant's remedy was an appeal from the arbitrator's award. See also Holland v. Werhun, 22 D. & C. 162 (1960).

The judgment in this case is regular on its face and the proper remedy to plaintiff would be an appeal. In the court's opinion defendant, Widdoes, had ample opportunity and notice to defend in this matter and the only purpose of this action has been to drag the matter out unnecessarily. The petition was therefore dismissed.