J. A15020/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BECRETT, L.L.C., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | :: | |
| | :: | |
| R & H RESOURCES, INC.; | : | |
| JOSEPH M. RASMUS AND | : | |
| DIANE RASMUS; DOUGLAS HOGREBE, | : | No. 1460 MDA 2017 |
| CHERY HOGREBE; AND | : | |
| NATIONAL COOPERATIVE BANK, FSB | : | |

Appeal from the Order Entered August 23, 2017,
in the Court of Common Pleas of Luzerne County
Civil Division at No. 201301823

BEFORE:  PANELLA, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

**FILED SEPTEMBER 12, 2018**

DISSENTING MEMORANDUM STATEMENT BY FORD ELLIOTT, P.J.E.:

I respectfully dissent to the majority's disposition in this matter.  Based on ***Thorn v. Borough of Clearfield***, 218 A.2d 298 (Pa. 1966), and ***Estate of Gasbarini v. Medical Center of Beaver County, Inc.***, 409 A.2d 343 (Pa. 1979), I believe that we have before us a situation in which the judgment should be opened.

In ***Thorn***, the Supreme Court of Pennsylvania reversed the denial of a petition to open a judgment of ***non pros*** because, shortly after filing a praecipe for the appellants, the appellants' attorney had been unable to perform all of his duties, including filing a complaint, due to aortic valve

disease, insufficient blood supply to his brain, and general concern for his own health. ***Thorn***, 218 A.2d at 298-299.

Our supreme court determined:

> We believe that the diminished health and ability of appellants' attorney, followed by his death, are equitable considerations sufficient to set aside a judgment of ***non pros***, and reasonably explain the reason for the delay in filing the complaint.
>
> [The Thorns] in this case should not be denied their day in court because of the diminished health of their counsel. [The Thorns] had no way of knowing this case was not being diligently prosecuted and should not be made to suffer because of the health of their attorney.

***Id.*** at 299.

In ***Gasbarini***, the Supreme Court of Pennsylvania determined that equity demanded that a litigant should have the opportunity to file an amended complaint when an attorney informed his client that he was providing proper representation when he neglected to respond to preliminary objections, was suspended from the practice of law, and did not appear when the preliminary objections were sustained and the complaint dismissed. ***Gasbarini***, 409 A.2d at 344.

Here, Attorney Rowland told appellant that he was handling the case and it would soon be settled. Attorney Rowland's serious health problems apparently prevented him from executing his duties as an attorney for appellant. Attorney Rowland admitted that he did not inform appellant about the Bank's discovery request, the March 28, 2016 court order compelling

discovery and awarding attorney's fees to the Bank, the Bank's second motion for summary judgment, and the trial court's order granting the motion for summary judgment and awarding the Bank approximately $34,578 in attorney's fees. Attorney Rowland further admitted lying to appellant. (Notes of testimony, 8/2/17 at 65-73.)

As in **Thorn** and **Gasbarini**, appellant did not know that Attorney Rowland was not providing adequate representation and was not diligently representing its interests. I believe that consideration of the equities in this case require the opening of the judgment. I would reverse.